WILLIAM McQUEEN, Administrator of NEILL McQUEEN, v. JOHN R. SMITH.

*Action to Foreclose Contract for Sale of Land—Right of Action—Condition Precedent—Vendor and Vendee.*

1. When defendant in an action to enforce a contract for the purchase and sale of land denies the right of plaintiff to maintain the action on other grounds, the failure to give the notice required by the contract is immaterial.

2. Where a contract for the sale of land empowered the vendor to sell the land on default in the payment, at maturity, of any one of the notes given for the deferred payments of the purchase price, his administrator may bring an action to foreclose without waiting for the maturity of the last note.

3. It is irregular practice to provide, in a decree of foreclosure, for the compensation of the commissioner appointed to sell in advance of his services, and also to direct him how to apply the proceeds. This should be done by the court after the report and confirmation of the sale.

CIVIL ACTION, heard before *Hoke, J.*, at November Term, 1895, of CUMBERLAND Superior Court. The defendant appealed from the judgment in favor of the plaintiff. The facts are stated by Associate Justice FURCHES.

*Messrs. N. A. Sinclair* and *W. E. Murchison*, for plaintiff.

*Mr. R. P. Buxton*, for defendant (appellant).

Furches, J.: The intestate of the plaintiff, Wm. McQueen, bargained and sold lands mentioned in the complaint to the defendant, John R. Smith, at the price of $3,600—$600 to be paid in cash, and the balance ($3,000) to be paid in equal annual instalments of $428.58 each. On the 11th day of January, 1888, they closed this contract by defendant's paying to plaintiff's intestate the $600, and by executing seven notes under seal for the residue of the price, as agreed upon. At the same time the plaintiff's intestate and his wife and the defendant entered into a written contract to convey the land to the defendant upon the payment of the balance of the purchase-money. The contract, signed by the defendant and the intestate and his wife, contained conditions and a power of sale. The conditions were that, if the defendant should make default in the payment of any one of the notes at maturity, the intestate upon thirty days' notice might take the land back, free from any claim on the part of the defendant, or he might at his option sell the same after forty days notice at public sale for cash or on a credit, and apply the proceeds to the payment of said indebtedness, and the residue if any he should pay to the defendant. The defendant paid the two first notes when they fell due, and a part of the third, leaving the four last notes and the larger part of the third note unpaid. All the notes unpaid were due at the commencement of this action, except the last, which according to its terms did not fall due until the 11th day of January, 1895.

On the 12th day of January, 1894, the plaintiff administrator commenced this action, in which the heirs-at-law

McQUEEN v. SMITH.

of the intestate, Neill McQueen, join as plaintiffs, and ask for a foreclosure and sale and the application of the proceeds to the payment of the debt, as provided in the contract.

The defendant answered and denied the plaintiff's right to foreclose and sell, until the last note falls due on the 11th of January, 1895; and also for the reason that the plaintiff did not give him thirty days' notice before bringing suit, as provided in the contract, before the intestate could have sold under the power contained in the contract, if he were living.

But the court held that the plaintiff was entitled to a judgment of foreclosure and order of sale, and so adjudged. And to this the defendant excepted and assigned two grounds of error as follows:

1. "Because an issue as to demand of possession before suit ought to have been submitted to the jury as asked for by defendant."

2. "No sale for foreclosure should be asked for by suit or granted by the court until the actual maturity of the last note securing the purchase money."

Neither of these exceptions can be sustained. The object of notice is to save the trouble and expense of litigation. And where it appears from defendant's answer that, had plaintiff given the thirty days' notice which defendant contends he was entitled to, it would not have prevented the litigation; or, in other words, where the defendant denies plaintiff's right of action, had the notice been given, this does away with the want of notice. *Vincent* v. *Carbin*, 85 N. C., 108; *Head* v. *Head*, 7 Jones, 620. In this case, defendant denies plaintiff's right to bring and maintain this action before the 1st day of January, 1895, and therefore does away with the objection as to notice, if it ever existed.

McQueen v. Smith.

This leaves the other exception to be considered. And we see that if the intestate Neill McQueen were living, he would have the right to sell under the power contained in the contract—all the notes being due, except one, and the condition being that he might sell if " any one " of them was not paid at maturity. If the forfeiture had occurred, and the intestate might have sold at the time this action was commenced, we can see no reason why plaintiff's cause of action had not arisen, and why he may not maintain this action. It is true that one of the notes was not due at the commencement of this action. And if plaintiff's right of action depended on this note we would hold with the defendant and dismiss the suit. But plaintiff had a cause of action without this note, which has now been due more than a year, and we see no reason why we should disturb the judgment of the court on account of that note not being due at the commencement of the action.

But the judgment of the court was irregular in that it provided for the compensation of the commissioner in advance of his services; and it also provides how he should apply the proceeds of the sale, which should not have been done until the sale was made and reported to the court. The judgment should have been for a foreclosure, order of sale, and order to report the sale to court for further directions. The judgment thus modified will be affirmed.

Modified and Affirmed.