*L  A. VINCENT v. J. D. CORBIN.

*Landlord and Tenant—Notice to quit—Practice.*

1. A tenant from year to year is entitled to a written or verbal notice to quit, to be given three months before the expiration of the current year; a mere demand for possession is insufficient. But where the tenant disclaims to hold as such, a notice to quit is not necessary and need not be proved in a summary proceeding in ejectment.

2. Where a question of law is improperly left to the jury and they decide it correctly, the verdict cures the error of the court.

(*Glenn* v. *R. R. Co.*, 63 N. C., 510; *Head* v. *Head*, 7 Jones, 620, cited and approved.)

_____

*Ruffin, J., having been of counsel did not sit on the hearing of this case.

SUMMARY PROCEEDING in ejectment tried on appeal at Spring Term, 1881, of ALAMANCE Superior Court before Avery, J.

This proceeding was commenced before a justice of the peace to recover possession of a house and lot alleged to have been rented by plaintiff to defendant who held over after the expiration of the lease.

In his affidavit before the justice, the plaintiff alleged substantially as follows: 1. That he was owner in fee simple of the premises in dispute. 2. That the house and lot were rented to defendant who became his tenant on the 2nd of February, 1878. 3. That the tenancy has terminated. 4. That the possession of the premises has been demanded of the defendant and refused by him.

The defendant filed a counter-affidavit in which he denied the first, second and third allegations of the plaintiff's affidavit and admitted the fourth, but denied the right of plaintiff to make demand, inasmuch as he was himself in lawful possession of the premises, and claimed them as his own.

The justice having disposed of the question of tenancy adversely to defendant, gave judgment for plaintiff and the defendant appealed to the superior court. It was in proof on the trial in that court that the plaintiff and his brother bought the lot in controversy in 1873 and held it as tenants in common until the 2d of February, 1878, when the plaintiff by purchase from his brother became sole owner; that the defendant has lived on the land continuously since 1873, and rented from Joseph Vincent in the year 1875; that in November, 1878, the plaintiff took from the defendant his note for fifty dollars for the rent of the lot, which embraced the rent from the time of his purchase in February, 1878, to the date of the note, to wit, November, 1878; that the defendant was then living on the land and has lived there ever since and still is in possession; that in April, 1880, the

plaintiff made a demand of the possession of defendant, and in November following, made a similar demand which was refused; that on the 19th of January, 1881, the plaintiff brought an action against the defendant and recovered the rent in arrear up to that date, and on the 25th of the same month instituted this summary proceeding to recover possession.

The defendant insisted that upon the facts disclosed in the plaintiff's evidence he could not recover, and asked the court so to charge. He also insisted that the evidence showed a tenancy from "year to year," and that the taking a judgment for the rent due up to January 19th, 1881, was a waiver of any former trespass and demand of possession and a continuation of the former tenancy, or the creation of a new tenancy beginning on the 19th of January, 1881, and required other demand before suit brought.

The court refused to charge as requested, but told the jury " that if the plaintiff demanded possession on April 6, 1880, and the defendant was his tenant, even from year to year, the plaintiff would be entitled to recover in an action brought on the 25th of January, 1881, under the landlord and tenant act, and the fact that he had recovered judgment for rent to January 19th would not necessitate a new demand for possession and thereby defeat his recovery in this suit." The defendant excepted. Verdict and judgment for plaintiff, appeal by defendant.

*Mr. John W. Graham,* for plaintiff.
*Messrs. Scott & Caldwell,* for defendant.

ASHE, J. The exception to the charge of the court was well taken. The instruction " that if the plaintiff demanded possession on April 6th, 1880, and the defendant was his tenant, even from year to year, the plaintiff would be entitled to recover," as an abstract proposition is erroneous. A

tenant from year to year according to all the authorities is entitled to a notice to quit before he can be dispossessed, except in cases where he has disclaimed the relation of landlord and tenant, and a mere demand for possession like that made on the 6th of April, 1880, or in November following, is not the kind of notice which the law requires, but a notice to quit in the contemplation of the law is a written or verbal notification given by the landlord to the tenant that he will require the possession to be surrendered at the end of the current year of the tenancy, expiring on the day when the tenancy commenced. And this notice must be given three months before the termination of the current year.

If nothing else appeared in the case the defendant would undoubtedly be entitled to a *venire de novo* for misdirection to the jury. But it was an immaterial error which did not mislead the jury and therefore was harmless. For if a jury decide correctly a question of law improperly left to them by the court, the verdict cures the error of the court. *Glenn* v. *R. R. Co.*, 63 N. C., 510. The jury we think found a verdict in consonance with the law of the case.

The tenancy in question here was clearly one from year to year; for when a party has obtained possession of premises belonging to another, and the owner does any act from which a jury may infer that he intends to acknowledge him as his tenant, a tenancy from year to year is created by such act, and the party will be entitled to a regular notice to quit before he can be ejected. Tillinghast Adams, 107. But however well settled it may be, that a tenant from year to year is entitled to the regular six months notice at common law and three months by our statute, there is another principle of law equally well settled, *i. e.*, that where such a tenant sets his landlord at defiance and does an act disclaiming to hold under him as tenant, this dispenses with the necessity of notice to quit; as for instance, by attorning to

another, claiming the premises as his own, &c.. Tyler on Ejectment, 223; *Jackson* v. *Wheeler,* 6 Johns Rep., 272; *Jackson* v. *Whitlock,* 3 *Ib.,* 422; Tillinghast Adams, 119.

We have been unable to find any adjudication upon the effect of a disclaimer set up in a plea or answer to an action or proceeding brought to recover the possession of the land alleged to be held by a tenant from year to year, for the reason we suppose that such questions have only arisen in actions of ejectment where the plea was the general issue, and the defendant was not permitted to plead specially in bar in this action matters which in most actions would be required to be set up specially; and consequently all such matters had to be given in evidence under the general issue. But in a proceeding like this where the defendant sets up in his counter-affidavit or answer the special matters, that the landlord has no title, that the title is in himself, and disclaims to hold the premises as tenant, we cannot see the reason of a rule that will require the plaintiff to give the regular notice to quit. In such case the disclaimer is stronger than if made *in pais,* and must therefore relieve the plaintiff of the necessity of proving a regular notice to quit. The defendant cannot be allowed to say, "I am not your tenant, but I claim the privilege of a tenant." As was said by Chief Justice PEARSON in the case of *Head* v. *Head,* 7 Jones, 260, "one is not allowed to blow hot and cold in the same breath, that is, if he disallows the relation, he cannot afterwards claim the privileges of a tenant."

Under this view of the law as applicable to this case, we hold there is no error, and the judgment of the superior court of Alamance is therefore affirmed.

No error.                                    Affirmed.