\*A. D. WADDELL, Adm'r, N. FRED. J. SWANN.

*Agency, proof of demand in—Pleading.*

1. Where plaintiff alleged an agency, the liability of the agent and a demand upon him to account and pay over, and defendant denied the alleged agency ; *Held* that while the plaintiff must prove

---

\*Mr. Justice ASHE did not sit on the hearing of this case.

WADDELL *v.* SWANN.

the agency, yet the denial of the agency relieves him from proving a demand upon the defendant before suit brought. But where the agency is admitted, such demand must be proved.

2. The court suggest the proper issue to be submitted on another trial, and the manner in which the seeming variance between the allegations of the parties and their proofs may be put out of the way.

(*Vincent* v. *Corbin*, 85 N. C., 108; *Head* v. *Head*, 7 Jones, 620, cited and approved).

CIVIL ACTION, tried at December Special Term, 1883, of MOORE Superior Court, before *MacRae, J.*

The case is stated in the opinion. The plaintiff appealed from the judgment of the court below.

*Mr. R. P. Buxton,* for plaintiff.
*Messrs. J. W. Hinsdale* and *W. E. Murchison,* for defendant.

MERRIMON, J. It is alleged in the complaint that the intestate of the plaintiff in her life-time, being the owner of twenty-five shares of the capital stock of a railroad company, delivered her certificate for the same to the defendant, "in special trust and confidence, to sell and dispose of the same on her account, as her agent and trustee, and to account with her for the proceeds of sale, all of which he agreed to do;" that he sold the said stock and realized therefor the net sum of $1,464.69, on the 20th day of September, 1873; that he never accounted to the said intestate in her life-time, nor to the plaintiff since her death for the said sum of money, or any part thereof; that the plaintiff, before the bringing of this action, demanded of the defendant that he render to him an account of such agency, and pay to him the said sum of money with the interest due thereon, &c.

The defendant in his answer to the complaint denies such agency, but says that in 1873 he was the agent of said in-

testate, and as such received and sold said railroad stock and received the money therefor; that he accounted with the plaintiff's intestate in her life-time in respect to such agency, and was fully in all respects discharged from the same, and that he borrowed from the said intestate the said sum of money and promised to pay the same with interest; and as to his said promise to pay the said sum of money to the said intestate, he pleads the statute of limitations.

On the trial below the court submitted to the jury, among other issues, one as to whether or not the plaintiff made any demand before the bringing of the action for an account and payment of the money due to him on account of said agency.

The plaintiff offered no evidence in support of that issue, and insisted that inasmuch as the defendant had denied the agency in his answer, it was not necessary to prove a demand in that respect. The court, however, held that the plaintiff must prove such demand upon the defendant before the action was brought, else the action could not be maintained. To this ruling the plaintiff excepted.

The jury, by consent of plaintiff, in response to the issue, as to the demand, said, "not until the summons in this action."

We think the court erred in holding that the plaintiff must prove a demand upon the defendant that he account with him in respect of the alleged agency and pay him the money in his hands as agent of the intestate, before the action was brought.

The plaintiff alleged the agency, the liability of the agent and the demand upon him. These allegations the defendant broadly denied. This left the plaintiff to prove the agency, and that the agent had the money as alleged, but it relieved him from the burden of proving the demand. This is so, because the defendant, in denying the agency, denied that the money alleged to be in his hands

as agent belong to the intestate of the plaintiff in her life-time, or to the plaintiff as administrator of her estate.

Ordinarily, under the contract of agency, the agent is entitled to be notified by his principal to deliver to him the money or other thing in his hands as the agent, the object being to give him opportunity to do so without action. This notice or demand implies, and is given upon the supposition, that the agent recognizes the relation between himself and his principal, and that he will freely do his duty as required.

But, if he denies the agency, what purpose could a demand serve? It would be useless and nugatory. The denial raises a state of antagonism inconsistent with the purpose of a demand. The attitude of the agent towards the principal in such case is one of avowed hostility that prevails and continues until the court settles the matter and ends it by its judgment. A man cannot be allowed thus to claim the privileges and rights of a character which he refuses to recognize and sustain, and the duties and responsibilities of which he repudiates.

It was insisted in the argument by the counsel for the appellee, that the cause of action was not complete before the action was brought, because no demand was made, and, therefore, the action could not be sustained, and he further contended, that the plaintiff was not relieved from proving the demand because the defendant denied the agency in his answer.

The first part of this argument would be good if it stood alone; for if the defendant had admitted the agency, then the plaintiff could not recover without first proving a demand before the action was brought. But the unqualified denial of the agency in the answer is an admission that at no time would the notice have served the purpose contemplated by it; it is tantamount to saying, that any demand would have been an idle ceremony. The answer developes

the fact that the defendant, from the beginning and before this controversy began, denied the agency and all liability arising from the relation created for it. It disclaims all occasion for and right of defendant to the demand or notice.

This seems to us to be a just and proper application of principle, and while we find no direct authority in our own reports sustaining, we find none contravening it. But there are many decisions that aptly illustrate the application of the same principle in similar cases. Thus, in *Vincent* v. *Corbin*, 85 N. C., 108, the plaintiff alleged that he was the landlord of the defendant, and the latter denied the allegation, and the court held, that the defendant was not entitled to notice to quit. In that case Mr. Justice ASHE said : "But, however well settled it may be, that a tenant from year to year is entitled to the regular six months' notice at common law, and three months by our statute, there is another principle of law well settled, *i. e.*, that where such a tenant sets his landlord at defiance, and does an act disclaiming to hold under him as tenant, this dispenses with the necessity of notice to quit; as, for instance, by attorning to another claiming the possession as his own." And so it was held in *Head* v. *Head*, 7 Jones, 620.

*Tillottson* v. *McCrilles*, 11 Vt. Rep., 447, the court held that where a man has received money as agent for another, but denies the agency and claims to have received it on his own account, he is not entitled to a demand before suit. And so also, where a plaintiff brought his suit to restrain a nuisance, without giving the defendants notice of his intention to take proceedings, and they by their answer justified the nuisance and insisted on their legal rights, *it was held* that the nature of the answer precluded the defendants from objecting to want of notice. *Attorney General* v. *Hackney Board of Works*, 44 L. J. Chan., 545; 7 Wait Act. & Def., 376.

In *Walradt* v. *Maynard*, 3 Barb., 584, it was held that where an attorney denies his liability to pay, and sets up a claim

against his client exceeding the amount collected, this amounts to a waiver of a legal demand; and in *Ayers* v. *Ayers,* 16 Pick., 327, it was held that no demand on the defendant was necessary, it appearing by his answer that he denied the plaintiff's right; but that otherwise, a demand would have been necessary.

We notice that the defendant does not set up in his answer, as matter of defence, that no demand was made before the action was brought. He simply denies that demand was made. We are not here called upon to decide whether or not such a defence must be specially pleaded. There are authorities that seem to indicate that it must be so pleaded. *Wait supra.*

The court instructed the jury that the first and second articles of the pleadings—the complaint and answer—were substantially the same, and that the fourth article of the complaint and the fourth article of the answer raised the first issue, and that issue was, "did the defendant account with the intestate, Ann J. Swann, for the proceeds of the sale of the railroad stock?"

This was an erroneous view of the complaint and answer. The complaint alleged a continuing agency from some time (not definitely fixed) in 1873, until the bringing of this action. The answer did not admit this; on the contrary it flatly denied it, and averred that the defendant was a special agent, not such as alleged, in respect to the railroad stock, and it alleged "that he did not account with her (the intestate) for the said sum immediately after the said sale in the county of Moore, and that she then and there loaned to this defendant the said sum of money," thus putting the agency as alleged—the continuing agency—directly in question. Therefore, the first material issue of fact raised by the pleadings was that as to the agency as alleged on the one hand and denied on the other.

This issue was not submitted at all, but an issue subordi-

nate and collateral to it was submitted to the jury, to-wit, the issue as to whether or not the defendant had accounted with the intestate. This left the main issue to be determined collaterally and incidentally. The effect of this was to dwarf, obscure and entangle the main issue and lead the minds of the jury away from it. Such a practice might greatly prejudice a party. It is important in a substantial degree, that the material issues in all cases should be presented clearly and distinctly, and kept so before the minds of the jury, so that they may see and understand clearly what issues they are to try, and how the evidence bears upon them severally. In this case, who can say what might have been the verdict of the jury, if the issues as to the agency had been distinctly submitted to them, stripped of all collateral and entangling considerations? Will it be said that they had to pass upon the question of agency incidentally in order to determine whether the defendant accounted with the intestate for the money? Perhaps they did, but they did not see the evidence bearing upon it in the clear, strong light of a direct, distinct issue. The plaintiff had the right to have the main issue tried separately.

Regularly, only the material issues of fact raised by the pleadings should be submitted to the jury; the fewer the better, and collateral matters involving evidential facts should be put in evidence on one side or the other of the issue submitted. In some cases, collateral issues, with a view of fairness, and to meet the justice of the case may be submitted, but this practice ought not to be encouraged. A great number of issues tend to confuse the jury, darken their counsels and render their verdicts very uncertain and unsatisfactory.

The real purpose of this action is to compel the defendant to pay a sum of money he owed the intestate of the plaintiff, and as to the real merits of the matter, it is of lit-

WADDELL *v.* SWANN.

tle importance whether he owed it as agent or as a borrower.

The jury in substance have found that the defendant owed the plaintiff $1,464 69, with interest thereon; that this debt is not barred by the statute of limitation. The defendant admits that he owed it. He pleaded the statute of limitation, and this plea has been found against him. If the complaint conformed in form to the proof, it is manifest the plaintiff would be entitled to judgment. He moved for judgment upon the findings of the jury. His counsel thought he was entitled to it without amending the complaint, and it is not clear that he was not. It is not certain that the variance between the complaint and the proof was such in substance as to actually mislead or prejudice the defendant in making his defence, especially in view of his answer. At all events, the complaint might have been amended upon application to the court. The counsel applies here to amend, and perhaps this court might allow an amendment with a view to justice; but upon the whole we deem it better to award a new trial, on which the whole merits of the matter in litigation can be settled. It does not seem to us that the rights of either party have been satisfactorily ascertained. In one aspect of the case the plaintiff is entitled to recover; in another it would seem that the defendant is entitled to the benefit of the statute of limitation.

New trial awarded. Let this be certified according to law.

Error. *Venire de novo.*