H. G. SPRINGS v. JOHN T. SCHENCK and GRAY TOOLE.

*Submitting to Nonsuit—Landlord and Tenant—Writ of Possession—Ejectment.*

1. When a Judge, at the close of the testimony, intimates that in no reasonable view of the evidence can the plaintiff recover, in deference to which the plaintiff submits to a nonsuit, and appeals, the evidence must be accepted as true in this Court, and taken in the most favorable light for the appellant, because the jury might have taken that view of it.

2. A tenant cannot be heard to deny the title of his landlord, nor can he rid himself of this relation, without a complete surrender of the possession of the land.

3. To allow a tenant to agree, and profess to hold possession under one, and at the same time to hold covertly for himself, or for another's advantage, would be to encourage and uphold a gross fraud, which the law will never do.

4. Where S. was tenant of the plaintiff, and during such tenancy T. took a deed for the *locus in quo* from a third party, for the benefit of himself and S., and entered into possession with S., but no notice was given to plaintiff of any claim of title by either S. or T.; and the deed under which S. and T. claim title was not recorded until fourteen years after its date, and not until after plaintiff had brought an action to recover the land; *Held*, that, the above facts appearing in evidence, the jury would be warranted, in the absence of any satisfactory explanation of such conduct, in finding that there was collusion, and a fraudulent purpose on the part of S. and T. to ripen a title to the land in T., to the prejudice of plaintiff.

5. When a tenant, sued for possession, denies his tenancy, the landlord is not required to prove a demand for possession, or that the term has expired.

6. An adverse claimant, who gets into possession by collusion with the tenant of another, becomes identified with the tenant, shares and stands in his place, and cannot resist the landlord's title in any case in which the tenant would be estopped to do so. His possession is fraudulent—he takes under the tenant—and he may be evicted just as the faithless tenant may be.

7. If one enters upon land by the permission, sufferance, or consent of the tenant of another, he is at once charged, by the law, with the allegiance due from the tenant to his lessor.

8. The fact that one having title is in joint possession with the tenant of the plaintiff, will not prevent plaintiff from having judgment against his tenant, although plaintiff would be at his peril in ejecting the real owner of the title under a writ of possession, issued on such judgment.

9. A writ of possession does not warrant a plaintiff in dispossessing one who is rightfully in possession.

10. Under the present practice, a writ of possession may be stayed or enjoined, upon a proper application, by one rightfully in possession, although not a party to the action in which the writ is issued.

(*Davis* v. *Higgins*, 87 N. C., 298, distinguished).

CIVIL ACTION, tried before *MacRae, J.,* and a jury, at Fall Term, 1887, of MECKLENBURG Superior Court.

The following is a copy of the material part of the case settled on appeal:

The plaintiff brought his action to recover the land described in the complaint, and, in order to establish his title and right of possession, he introduced a deed made in 1868, by one Phelps to S. & F. Rothchild, and then a deed made in 1883, by S. & F. Rothchild, to himself. He introduced witnesses, who testified that each of these deeds covers the land in dispute.

He then introduced other witnesses, whose evidence tended to show, that the defendant Schenck had leased the land in dispute, from an agent of Phelps', prior to the date of Phelps' deed to Rothchild, and, between that date and 1883, had rented the land from the agents of the Rothchilds, and that after the Rothchilds had made the deed to plaintiff, the defendant Schenck had attorned to the plaintiff, agreeing to pay to him the rent for the land. All of the evidence introduced by the plaintiff, except the deeds above mentioned, and that which related to the annual value of the land, was directed to establishing such conduct on the part of the defendant *Schenck,* as would estop him from denying the title of the plaintiff, which he had acquired by the deed from S. & F. Rothchild.

It was then admitted, that the defendant Toole was in the possession of the land in dispute, and plaintiff rested his case.

The defendants introduced a deed from R. F. Davidson to Gray Toole, dated October 7, 1869, covering the land in dispute. This deed was duly proven upon the acknowledgment of the grantor, in April, 1884, and was then duly registered.

The defendant Schenck then introduced a deed from R. F. Davidson to himself, for an undivided half of the land,

dated October 7, 1869, and registered in April, 1883, and then denied that he had ever leased the land in dispute, or any part thereof, from Phelps, or the Rothchilds, or the plaintiff, or from the agents of any of these parties.

He further testified, that he and Toole bought the land in dispute in 1869, from R. F. Davidson, and that then Davidson executed the deed to Toole, which had been introduced in evidence, and thereupon he and Toole had taken possession of the land, and had held it ever since that time; that the deed was made by Davidson to Toole alone, at his (Schenck's) suggestion, though a part of the purchase money was paid by him, and afterwards, he and Toole, having had some disagreement, Davidson, at his request, and in the presence of Toole, and with his assent, had executed a deed to him for one undivided half of the land, which deed had also been introduced in evidence; that this deed was dated October 7, 1869, because that was the day of the purchase of the land by him and Toole; that the deed to Toole was made for them both, and he had paid half of the purchase money to Davidson.

Upon the close of the testimony, the presiding Judge intimated an opinion, that, it having been admitted that the defendant Toole was in possession of the land when the suit was brought, the plaintiff was not entitled to recover upon the evidence against him, and, if not against him, then not against his co-defendant Schenck. The plaintiff, in deference to this opinion, submitted to a nonsuit, and appealed to the Supreme Court.

*Mr. C. N. Tillett*, for the plaintiff.
*Mr. P. D. Walker*, for the defendants

Merrimon, J., (after stating the facts). As the Court, in effect, intimated on the trial, that in no reasonable view of the evidence produced, could the appellant recover, it must,

for the present purpose, be accepted as true, and taken in the most favorable light for him, because the jury might have taken that view of it, if it had been submitted to them. *Abernathy* v. *Stowe*, 92 N. C., 213; *Gibbs* v. *Lyon*, 95 N. C., 146.

Then, accepting the evidence of the appellant as true, the appellee Schenck was, at the time this action was brought, and, for several years next before that time, had been, the tenant of the appellant of the land in question; and for many years next before he so became such tenant, he had been the like tenant of those persons from and through whom the appellant claimed to derive title; indeed, the last mentioned tenancy antedated in its beginning the deeds under which the appellees claim title. If this be true, and there was evidence from which the jury might have so found by their verdict—very clearly Schenck could not be heard to deny the title of his landlord; nor could he rid himself of his relation as tenant to the appellant, without a complete surrender to him of the possession of the land. To allow him to agree and profess to hold possession under the landlord, and at the same time hold covertly for himself, or for another's advantage, would be to encourage and uphold a gross fraud, which the law will never do; on the contrary, the rules of law, founded in good faith and sound public policy, render such a thing impossible. *Davis* v. *Davis*, 83 N. C., 71; *Farmer* v. *Pickens*, Id., 549; *Abbott* v. *Cromartie*, 72 N. C., 292; *Pate* v. *Turner*, 94 N. C., 47.

It was not necessary that the appellant should prove that the lease to Schenck was over, or that he made demand upon him for the possession, because the latter denied that he was such tenant, and thus put himself broadly in hostility to the right of the landlord. *Vincent* v. *Corbin*, 85 N. C., 108; *Waddell* v. *Swann*, 91 N. C., 108.

If it be granted that Toole was in possession of the land, with his co-defendant, at the time this action was brought, and that he had title thereto, this fact alone could not pre-

vent the appellant from having judgment against his tenant Schenck, because he had a sufficient cause of action against his tenant, and was entitled to his remedy as against him. But if the appellant had thus obtained judgment against Schenck, and had taken out his writ of possession, he would, at his peril, finding Toole in possession of the land, have turned him out. The exigency of the writ would not warrant the appellant in turning out of possession one who was in, and had a right to be in, possession. In a possible case, upon proper application, the Court might, under the present method of Civil Procedure, stay the writ of possession as to a person rightfully in possession, and not a party to the action, or the latter might have his remedy by action and injunction. *Judge* v. *Houston*, 12 Ired., 108; *McKay* v. *Glover*, 7 Jones, 41; *Cowles* v. *Ferguson*, 90 N. C., 308. This is not at all in conflict with what is decided in *Davis* v. *Higgins*, 87 N. C., 298. That case has reference to the matter in litigation in that action between the parties thereto, and not to persons who are not parties, who may be in possession of the land, claiming under a valid title.

What we have thus said rests, to some extent, upon the supposition that the appellant properly suffered a judgment of nonsuit as to the appellee Toole. We are of opinion, however, that there was some evidence before the jury, that they might have considered, tending to prove, and from which they might have inferred collusion and a fraudulent purpose on the part of the appellees, inconsistent with the duty and obligations of the appellee Schenck to his landlord, the appellant. The former was tenant of the land, taking the strongest view of the evidence for the appellant, continuously from 1868—first under Phelps, then Rothchilds, then the appellant—until after 1883. The jury might not unreasonably have inferred, from all the evidence, that Toole saw Schenck in possession of the land and knew that he was such tenant; he was, at least, put on inquiry in this

respect. Nevertheless, he and Schenck, on the 7th day of October, 1869, pending the tenancy, took a deed purporting to convey the land from R. F. Davidson to Toole, which was not registered until April of 1884, after this action began, in February of the same year. So far as appears, the appellant never heard of this deed until it was registered, nor does it appear that there was any thing said or done by the appellees, or either of them, at any time, that put him on notice, that they, or either of them, claimed title to the land, or were holding possession thereof adversely to him. It does not appear, that Davidson had any title to the land— his deed to Toole seems only to have served the purpose of color of title. During all the time mentioned, Schenck was the tenant of the appellant. The evidence, thus appearing and unexplained, *might* have led the jury to infer a collusive and fraudulent purpose, on the part of the appellees, to ripen and perfect a title to the land in Toole, by his color of title and his continuous possession under it—not clear and free from doubt as to its character—for more than seven years, and thus defeat and destroy the good title of the appellant, if he had one. The evidence, unexplained, does not place the appellees in a favorable light, and it implies more than mere suspicion against them. Why did they not openly claim and assert their rights under the deed from Davidson? Why did they keep it secret, while they were in possession of the land, Schenck being tenant, in fact and law, of the appellant? Why did they, pending the tenancy, forbear for fourteen years to register this deed, and thus fail to give even constructive notice of their claim? Why did Davidson first make the deed to Toole for the whole land, and afterwards a second deed to Schenck for one half of it? The evidence, unexplained, suggests these and like questions, that it is not easy to answer, consistently with fair dealing, on the part of the appellees towards the appellant; and, in our judgment, it was such as from it the jury *might* not unreasonably have

found collusion and a fraudulent purpose, such as that suggested.

An adverse claimant of the land cannot thus surreptitiously, and collusively with the tenant, get possession of, and hold the land, to the prejudice of the title of the landlord. He has, in such case, no just possession—has only such as is fraudulent—he takes under the tenant—is in possession by virtue of the latter's possession, subject to all the rights of the landlord, and he may be evicted, just as the faithless tenant may be; indeed, without reference to the tenant. When he gets possession, by collusive concert with the tenant, he at once becomes identified with him—shares and stands in his place, and he cannot resist the landlord's title, where the tenant cannot do so.

And so, also, if one enters upon the land by sufferance, permission or consent of the tenant of another, he will, himself, at once be charged, by the law, with that relation to the lessor, and he will not be allowed to act and assume relations in hostility to the title under which he went into possession. As he goes into possession with and under the tenant, he is bound by the allegiance the lessee owes the lessor, and he cannot throw it off at his will and pleasure. The rules of law that thus establish, secure and govern the relations between landlord and tenant, and those who get possession of the land directly under the tenant, are founded in justice, fair dealing and sound public policy. *Callender* v. *Sherman*, 5 Ired., 711; *Kluge* v. *Lachenour*, 12 Ired., 180; *Melvin* v. *Waddell*, 75 N. C., 361; *Pate* v. *Turner*, 94 N. C., 47; *Jackson* v. *Houser*, 7 Cowen, 323; *Stewart* v. *Roderick*, 4 Watts & Lerg., 188; *Dikeman* v. *Parish*, 6 Pa. St., 210; Tay. on L. & L., § 705.

So that, whether the appellee Toole got possession of the land by collusion with, or by permission of, the appellee Schenck, the appellant might have recovered as against him. And as there was evidence from which the jury might have

found, not unreasonably, that he did get possession in the one way or the other, the Court should have submitted the issues to the jury, with appropriate instructions.

There is error. The judgment of nonsuit must be reversed, and the case tried according to law. To that end, let this opinion be certified to the Superior Court.

It is so ordered.

Error. Reversed.