GEORGE W. HINSHAW v. RALEIGH & AUGUSTA AIR LINE R. R. CO.

*Negligence and Contributory Negligence—Passenger Obeying Conductor—When Negligence is Pure Question of Law, and When Not—Rule of the " Prudent Man "—Errors Cured by Verdict.*

1. A passenger who gets off of a railroad car in obedience to directions from the conductor is not guilty of contributory negligence, unless the danger in getting off at that place and time is so apparent as to deter a man of ordinary prudence from so doing.

2. The fact that a passenger, who was injured by getting off a car in obedience to directions from the conductor, " thought it a bad place and dangerous to get out at," does not render him guilty of contributory negligence *per se.*

3. To constitute contributory negligence in a passenger, after having been told by the conductor of a train to get off, the danger attendant upon his obedience to such directions must be not only apparent but *great*—more chances against a safe exit than there are in favor of it.

4. While negligence and contributory negligence are questions of law to be determined by the court without a submission to the jury, yet this is not always to be done. If there is no disputed fact arising from the evidence, and no dispute as to the truth of the evidence, and but one conclusion can be deduced from it, then the court should decide the question as upon demurrer, special verdict or case agreed. But where these conditions do not exist, or it depends upon *how* a party acted or did a thing, or for what reason he did it, or what purpose he had in doing it, a question for the jury is presented.

5. The expressions in *Emry* v. *R. R.*, 109 N. C., 589, and in other recent opinions of this Court, at variance with the rule of " the prudent man," are overruled.

6. Where a case arises which the judge should decide upon the evidence, without submitting it to the jury, but he does submit it to the jury, and their verdict accords with what the judge should have decided, the verdict cures the error.

HINSHAW v. RAILROAD.

CIVIL ACTION, tried before *Brown, J.*, at December Term, 1895, of FORSYTH Superior Court.

There was a verdict and judgment for $6,000, in favor of plaintiff. Defendant appealed.

The facts are sufficiently set out in the opinion of Judge FURCHES.

*Messrs. Watson & Buxton* and *Glenn & Manly*, for plaintiff.

*Messrs. McRae & Day* and *James B. Batchelor*, for defendant (appellant).

FURCHES, J.: The plaintiff was a passenger on defendant's road from Pittsboro to Raleigh, and it was necessary to change cars at Moncure. On the approach to Moncure, the car, in which the plaintiff was, stopped on a curved embankment, about three hundred yards from the platform at the station.. Here the conductor told the passengers to get off, which they did, at the rear end of the car—the other passengers going in advance of plaintiff. It was about six feet from the bottom of the ditch on the side of the road to the top of the embankment, and two or three feet from the top of the embankment to the platform of the car. The embankment was a little wider than the cross-ties were long, and the car, being on a curve, caused one side of the platform of the car to be a little higher than the other. The plaintiff then weighed about two hundred and thirty pounds, had a small valise in his hand, and as he went to leave the platform of the car he took hold of the guard with his right hand and stepped on the top step, which sprang, and he fell, his hold on the guard broke, and he went to the bottom of the ditch, and received the injury of which he complains. Plaintiff saw the Raleigh train at the station when the train he was in stopped.

HINSHAW *v.* RAILROAD.

On cross-examination the plaintiff was asked, " Why did you get out then ? "    Ans., " Because the conductor told me to get out there ; otherwise, I would have had to stay in the car all day.   I had to do one or the other."   He was then asked, " Would you obey the conductor if he told you to jump out and kill yourself, or risk seriously hurting yourself ? "    Ans., " I would not if I thought I was going to kill myself or seriously hurt myself."   Again plaintiff was asked, " Why did you then get out, if you thought it was dangerous ? "    Ans., " I had to get out as the conductor directed me to do, or to remain in the car and miss the Raleigh train then at Moncure depot.   I saw Judge Bryan, Mr. London, Judge Womack and others get off ahead of me at the same place.   I put on my overcoat and followed.   I did not see or hear any one else fall."

The following issues were submitted without objection :

" 1. Was the plaintiff injured by the negligence of defendant ?   Ans., ' Yes.'

" 2. Did plaintiff by his own negligence contribute to his injury ?   Ans., ' No.'

" 3. What damage has plaintiff sustained by the negligence of defendant, if any ?   Ans., ' $6,000.' "

Without copying the seventeen prayers for special instructions, we will state the parts of them sufficient to present the questions raised by the assignments of error contained in the case on appeal.   The assignments of error are as follows :

" 1. For refusal of the court to charge the jury that upon the plaintiff's own testimony there was contributory negligence.

" 2. Failure to give the prayers of defendant relating to the second issue.

" 3. Errors in the charge of the court hereinbefore specified and duly excepted to."

The defendant's prayers for instructions are as follows :

" 1. That, when the facts are proved or admitted, then the question of negligence is a question of law for the court.

" 2. When the facts are not admitted, and the evidence is conflicting, then it must be left to the jury with proper instructions from the court.

" 3. That the evidence of plaintiff shows that he saw and knew the danger which he incurred by getting off the train at the place mentioned by him, and the plaintiff having voluntarily placed himself in a position of danger, he cannot recover in this action.

" 4. That the evidence of plaintiff shows that he was negligent, and that his negligence contributed to his injury, and he cannot recover."

The court did not give these instructions in the form in which they were asked, but instructed the jury as follows :

" If the car stopped at the place where Hinshaw said it was, and the conductor told the passengers to get off, and the danger in alighting from the car at that place was so obvious that a man of ordinary prudence and caution would not have attempted to get off there, then it was contributory negligence, and if you draw that conclusion from the evidence, you will answer the second issue ' Yes.' If the danger was not so obvious and apparent as to deter a man of ordinary prudence, then it is not contributory negligence and you will answer the second issue ' No.' " Defendant excepted.

Again the court charged : " It was the duty of plaintiff to use ordinary care and caution to avoid danger and prevent injury to himself, especially as he testified he saw it was dangerous ; and if by ordinary care he could, after

HINSHAW *v.* RAILROAD.

seeing danger, have avoided it, he should have done so; and if under such circumstances he failed to exercise ordinary care, it is contributory negligence; and if you draw that conclusion from the evidence, you should answer the second issue 'Yes.' '' Defendant excepted, and contends that the charge as given did not give the special prayers in substance, and is erroneous.

It will be perceived that the exceptions and assignments of error raise no question as to the correctness of the charge and the finding of the jury that the plaintiff's injury was caused by the negligence of the defendant. But the contention is that there is error in the instructions upon the contributory negligence of the plaintiff; that the only evidence as to contributory negligence is that contained in the cross-examination of plaintiff, quoted above. Defendant contended that this made it a question of law, and the court erred in not so charging; and, of course, in not charging that it was contributory negligence for the plaintiff to leave the car when he did, as he admitted that " he thought it a bad place and dangerous to get out at;" that the court erred in leaving the question of contributory negligence to the jury, and the jury had returned an erroneous verdict.

The question as to whether negligence and contributory negligence are questions of law to be decided by the court, or questions of law and fact to be submitted to the jury under proper instructions from the court, has been so thoroughly discussed by this Court in recent decisions, it would seem that a lengthy consideration of the subject in this opinion would not be necessary. It seems to be settled by the adjudications in this State that negligence and contributory negligence are questions of law, and in some cases should be decided by the judge. And we are of the opinion that this is one of the cases where the judge might

have done so. The defendant offered no evidence of contributory negligence, except that contained in the cross-examination of plaintiff. And the only thing relied upon by the learned counsel for defendant, in the argument here, is the statement of plaintiff "that he thought it a bad place and dangerous to get out at." In our opinion this does not constitute contributory negligence under the circumstances in this case. The car had stopped; the plaintiff's train to Raleigh was then standing at the station, three hundred yards off; the plaintiff was to get off there or be left; the conductor told him to get off, and he saw other passengers getting off at the place he attempted to get off. What was he to do—remain in the car and miss his connection with the train to Raleigh, or to obey the conductor and take his chances of getting off without damage? The plaintiff thought "it a bad place, and dangerous to get out at;" but how dangerous? It may be said with truth that there is some danger in getting off the cars at any place. This danger, when the defendant is in no fault, the passenger takes upon himself. Here it is admitted, or found as a fact and not appealed from, that the defendant was in fault and plaintiff was injured by its negligence. And it is admitted that the danger was greater than it would have been if the defendant had not been in fault, and had pulled its car up to the platform at Moncure. But it is not admitted that plaintiff's undertaking to get off defendant's car, under the circumstances in this case, constituted contributory negligence.

There are degrees of danger, slight, great and imminent. To constitute contributory negligence in the plaintiff, after having been told by the conductor to get off, the danger must be not only apparent but great—more chances against a safe exit than there are in favor of it.

In *Lambeth* v. *Railroad*, 66 N. C., 494, the plaintiff's

intestate was killed by jumping off defendant's train while moving at a rate of from 2 to 4 miles an hour. And the question was whether this was contributory negligence, which the court answered as follows: "Ordinary care in this case is that degree of care which may have been reasonably expected from a sensible person in the situation of the intestate. He had a right to expect that defendant had employed a skillful and prudent conductor, who would not expose passengers to dangerous risks, and who had experience and knowledge in his business sufficient to correctly advise and direct passengers as to the proper time and manner of alighting safely from the train. _____If the intestate, without any direction from the conductor, voluntarily incurred danger by jumping off the train while in motion, the plaintiff is not entitled to recover. If the motion of the train was so slow that the danger of jumping off would not be apparent to a reasonable person, and the intestate acted under instructions of the manager of this train, then the resulting injury was not caused by contributory negligence or a want of ordinary care." This case was decided by this Court a quarter of a century ago, in which a rule so just and so reasonable is declared that we have no hesitation in applying it to the case now under consideration, and it fully sustains the position that plaintiff was not guilty of contributory negligence. *Watkins* v. *Railroad*, 116 N. C., 961, and *Burgin* v. *Railroad*, 115 N. C., 673, are to the same effect.

While we hold that negligence and contributory negligence are questions of law which may be determined by the court, without a submission to the jury in some cases, we must not be understood as holding that this should always be done. What is a contract is a question of law for the court. But if the contract is disputed this makes a question of fact for the jury. If the execution of the

HINSHAW v. RAILROAD.

contract is not denied, but fraud, incapacity or duress are alleged and denied, the case must go to the jury. And so with negligence or contributory negligence. If there is no disputed fact arising from the evidence, and no dispute as to the truth of the evidence, and but one conclusion or inference can be deduced from it, then the court should decide the question as upon demurrer, special verdict, or as upon an agreed case. But where it depends upon *how* a party acted or did a thing, or for what reason he did it, or what purpose he had in doing it, a question for the jury is presented. To illustrate : Suppose the conductor in this case had not told the plaintiff to get off (for that is the point upon which the case is made to turn ;) the plaintiff had undertaken to get off and in doing so got hurt, and the defendant had contended that the plaintiff did not act prudently in doing so ; that he went too fast ; that he threw his weight too heavily on the upper step, which caused it to spring, and the injury was caused by the imprudence or negligence of plaintiff in this way—the evidence being undisputed, would it be the duty of the court to find these *facts* or conclusions resulting from the facts ? We think not, and yet negligence and contributory negligence are questions of law, whether the case is submitted to the jury or not. It does not change the question of law that the case is submitted to the jury. It is as much the duty of the court to decide and instruct the jury as to what the law is as it is his duty to decide the law when it is not submitted to the jury. The province of the judge and of the jury are distinct ; the judge is to declare the law and the jury are to find the facts, the inferences and conclusions arising from the facts, where inferences and intentions are necessary to be found, and to apply them to the law as declared by the judge.

Negligence is the opposite of prudence ; they and many

other words can only be understood by comparison and contrast—like height and size. You say a man is tall, and you mean by this that he is taller than men generally are. You say a man is large and you mean that he is larger than the average man. So when you say a man is negligent, you mean that he is not as prudent as men generally are. When you speak of a negligent act of a party, you compare that act in your mind with what a prudent man would have done under the same or similar circumstances. So, a court or jury, in passing on the question of prudence or negligence, has necessarily to compare the act or conduct with that of the ideal prudent man. Shearman & Red. on Neg., Sec. 519. We do not mean to say that there are not cases where the negligence is so apparent that it is the duty of the court to pronounce it negligence, as it is the duty of the court in many instances to pronounce a transaction fraudulent. But still, the law of negligence is based upon the law of comparison.

If the doctrine of negligence is based on the idea of comparison, why should it be improper for the court to give this rule to the jury by which they may determine the question of fact, as well as of law, whether the party has been guilty of negligence or not? This was the practice at *nisi prius* for many years, and until recently.

There are expressions to be found in *Emry* v. *Railroad*, 109 N. C., 586, and in other recent opinions of this Court, which are not in harmony with the views here expressed. But it is more a rule of practice than of law, or, at least, it is not a rule affecting property rights. And we think these recent expressions as to this rule are at variance with earlier opinions, the text writers, and adjudications of many of the other states of the Union, and such opinions as are in conflict with this opinion are overruled. Therefore, we conclude that, if this was a case which should have been

submitted to the jury, there was no error committed by the court in the instructions given, and none in refusing. to give those asked for. And, if it is a case the judge should have decided without submitting it to a jury, he should have decided it as the jury did, and the verdict cures the error, if there was any. *Vincent* v. *Corbin*, 85 N. C., 108; *Thornburgh* v. *Mastin*, 93 N. C., 258; *Glenn* v. *Railroad*, 63 N. C., 510. The judgment must be affirmed.

Affirmed.