## BECKER v. FEIGENBAUM.

### S. F. No. 103; July 31, 1896.

#### 45 Pac. 837.

**Appeal—Record.—Where Error is Predicated on the court's failure** to give certain instructions, they must appear in the record.

**Conversion — Principal and Agent—Demand.—In** conversion, where plaintiff alleges that she placed in the hands of defendant, as her agent, a sum of money to be loaned on security, and defendant denies the agency, plaintiff need not allege or prove a demand on him for the money before suit.

APPEAL from Superior Court, Humboldt County; G. W. Hunter, Judge.

Action by Susan Becker against Ludwig Feigenbaum for conversion. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

J. F. Coonan and J. N. Gillette for appellant; Chamberlain & Wheeler for respondent.

BRITT, C.—It is alleged by plaintiff that she placed in the hands of defendant, as her agent, a sum of money, to be loaned on security, and that he converted a large part of it to his own use. She had a verdict and judgment for the amount thus converted. Defendant denied the agency, and resisted the action on the ground, alleged among others, that an account had been stated between the parties, by which a sum was found due to plaintiff much less than that now demanded by her. At the trial an exception was taken to the refusal of the court "to give the two instructions in reference to account stated asked for by the defendant." It is his main contention here that such refusal was error. It is admitted that the contents of those instructions in no manner appear in the record. Counsel has suggested no means by which we may divine their import, and our own ingenuity has been unequal to the difficulty. We discover, therefore, no error in the action of the court. It is not clear that appellant means to argue that the verdict was unsustained by the evidence. Plaintiff was indebted to defendant, and he attempted to apply part of the money in question upon such indebtedness. Of course, he had no right to do this, if he had received the money for the specific purpose alleged by plaintiff. There was direct conflict in the evidence upon the question whether he did so receive it, and the verdict of the jury is conclusive of the matter. By denying the agency, defendant rendered unnecessary allegation and proof of demand on him for the money before suit: Parrott v. Byers, 40 Cal. 614; Waddell v. Swann, 91 N. C. 108. The judgment and order denying a new trial should be affirmed.

We concur: Haynes, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.