FAYETTEVILLE WATERWORKS COMPANY v. S. W. TILLINGHAST.

*Action by Landlord to Recover Leased Property—Landlord and Tenant—Estoppel in Pais—Pleading—Issues—Rights of Tenant.*

1. One who contracts with a corporation through persons interested in it, and professing to represent it, and by virtue of such contract gets possession of the property as lessee, and holds it until the expiration of the time limited by the contract, is estopped to deny that the corporation was properly incorporated and officered and that it is the owner of the leased property.

2. Where, in an action by a waterworks company against a lessee of its property to recover possession of the property after the expiration of the lease, the defendant alleges that plaintiff is not the owner of the property, he cannot be allowed to interpose the additional and inconsistent plea that, being tenant from year to year, he has not had the legal notice of three months to quit.

3. The plea by a tenant in common of the general issue, or its equivalent, the denial of plaintiff's title in an action to recover possession of property, being an admission of ouster, the defendant in an action by a landlord to recover leased property cannot deny plaintiff's title and at the same time plead co-tenancy.

4. In an action to recover leased premises, for an account of the rents and the appointment of a receiver, the defendant denied plaintiff's ownership of the property, and pleaded that he was a co-tenant with other part owners thereof, and also pleaded that he, being a tenant of the property from year to year, had not received the legal notice to quit; *Held*, that it was not error to submit the issue, "Is the plaintiff entitled to the possession of the property described in the complaint?"

5. Where a contract of lease of waterworks provided that the lessee should keep up the repairs, and might add new extensions to the system, and that the lessor should not have the right, at the expiration of the lease, to take possession of such new extensions without paying for the same, the Court will, in an action by the lessor to recover possession and for the appointment of a receiver, see that such extensions are taken into account and paid for out of the rents or otherwise.

CIVIL ACTION, by the plaintiff as lessor against the lessee, to recover possession of the property of the Fayetteville Waterworks Company, leased to the defendant, for an account of rents and the appointment of a receiver, heard before *Greene, J.*, and a jury, at Fall Term, 1896, of CUMBERLAND Superior Court. The facts appear in the opinion of Associate Justice FURCHES. There was judgment for the plaintiff, and defendant appealed.

*Mr. G. M. Rose*, for plaintiff.
*Mr. N. W. Ray*, for defendant (appellant).

FURCHES, J.: Plaintiff alleges that it is a corporation chartered by the Legislature of North Carolina, (Acts 1820, p. 44,) called and known as the "Fayetteville Waterworks Company." And on the first day of July, 1883, the defendant on the one part, and William Huske and W. N. Tillinghast, acting for and in behalf of said corporation, (being interested in this corporate property, and there being no regular officers of the same,) entered into a contract to

lease to the defendant this property for the term of one year, with the option of two more years, which contract and lease is as follows :

" Memoranda of agreement and contract of lease, made and entered into by and between S. Willard Tillinghast, of Fayetteville, N. C., and the Fayetteville Waterworks Company, a corporation existing under the laws of North Carolina.   Tillinghast takes into his possession and full control all the property of every kind belonging and appertaining to the Fayetteville Waterworks, including their franchise, easements, privileges and rights of every kind, with full power and authority to use the same in such manner as he may deem best, for the aim and purpose for which the said corporation was chartered.   He shall do all needed repairing and refitting of the property of every kind, as heretofore in use, and may extend, enlarge and increase the same in such manner and in such ways and places as he may deem expedient.   And for the use and occupation of said property, with the right to collect water rates as allowed by the charter of said Company and all its privileges, " Tillinghast shall pay ($50) Fifty Dollars per annum to each of the present owners or shareholders, claiming as heirs or as the assignee or representative of the heirs of the late James Baker, as the said principal shares or interest were on the first of July, 1883, it being understood that this lease is to begin and date as from July 1, 1883, and to continue for one year at least, and that the said Tillinghast shall have the option to continue it for two years, and for three years, until July 1, 1886, if he shall desire to do so.

" At the expiration of the lease, or when it shall be terminated by Tillinghast, he shall surrender all the property now included and given into his possession by virtue hereof, with all the repairs that may be put thereon.   But all

extension of pipe, additional pumps, reservoirs, conduits and additional structures and improvements of every kind that may be made, over and above the general repairs to the property as now exists, or as the said extensions and additions may be at the expiration or termination of this lease, shall be paid for at such price as may be agreed upon by the parties, and until such price is paid the. said Waterworks Company shall not have the right to take such extensions and additions into use, possession or control.

" [Signed,]          S. W. TILLINGHAST, (Seal.)

WM. HUSKE, (Seal.)

W. N. TILLINGHAST, (Seal.)

Agent for May C. Baker."

The defendant admits making and signing this lease, and that he entered and took possession of the property under the same; that he had been in possession ever since and is still in possession of the same. But he denies that plaintiff is a corporation; admits that an act of incorporation was passed by the Legislature, as alleged by plaintiff, but alleges that it was never organized as a corporation; that it has no officers and never has had, and denies its right to bring and maintain this action.

Defendant further alleges that this property is real estate and belongs to the heirs-at-law of one Baker and their assigns, who are tenants in common, and that by assignment from some of these heirs he has become the owner and tenant in common of the property, with the other heirs and assignees of Baker. He admits that J. A. Huske, who seems to be the active party in bringing this action, is interested as one of the heirs of Baker; and Huske testifies without objection, and his testimony is not contradicted, that he is the authorized attorney in fact of other heirs, and represented four-sevenths interest in the

WATERWORKS COMPANY *v.* TILLINGHAST.

concern, and was the administrator of his father, William Huske, one of the signers of the lease to defendant. But defendant says there has been no meeting had of the parties interested in this property, by which this action is authorized to be brought, and that J. A. Huske has no right to bring the same.

He further says that he has never denied the right of the Baker heirs and their assigns, as tenants in common with him, and that he did not have three months' notice to quit, as the law provides and requires should be given.

But it seems to us that defendant, by his answer, " cuts himself," as Judge PEARSON used to say ; that he cannot deny the plaintiff's title, and, failing in that defense, fall back on the ground that he is a tenant in common, and has not refused to let the other tenants in ; and, on failing in that defense, fall back upon the defense that he is a tenant of plaintiff and has not had legal notice to surrender, treating him as a tenant from year to year on account of his being allowed to hold over.

We do not feel called upon to inquire into the regularity of the organization of the plaintiff corporation, as to whether it has any officers or not. The fact that the defendant contracted, through those interested in it and professing to represent it, and by virtue of this contract and lease the defendant was enabled to get possession of the property, and did get possession and still holds the same, estops him from now denying that the plaintiff is properly organized and officered and that the plaintiff is the owner. This doctrine is well established by authority, as well as the reason of the thing. *Mining Co.* v. *Goodhue*, 118 N. C., 981, and cases there cited. *Springs* v. *Schenck*, 99 N. C., 551. Neither can the plea of tenancy avail the defendant. He " cannot blow hot and cold at the same breath." He cannot in the same answer say

to the plaintiff, "You are not the owner of this property and have no right to the possession," and then say, "I am your tenant and would have vacated if you had given me the notice the law requires." *Vincent* v. *Corbin*, 85 N.C., 108; *Springs* v. *Schenck, supra*.

Nor can he relieve himself of the effect of this relation of landlord and tenant without a complete surrender of the possession he acquired under contract of tenancy. The parties must be first put in *statu quo*. *Springs* v. *Schenck, supra*.

We are not to be understood by anything we have said in this opinion, that a landlord has the right to dispossess his tenant from year to year, without first giving the statutory notice, where the tenant acknowledges the tenancy, sets up no adverse claim or other defense, and relies upon the want of legal notice.

Nor can the plea of tenancy in common avail the defendant. The plea of the general issue, or what is equivalent to that under the present practice, by a tenant in common is an admission of *ouster*. *Gilchrist* v. *Middleton*, 107 N. C., 663 at p. 683. The denial of plaintiff's title was equivalent to a plea of the general issue.

There was objection to the issue submitted, which was as follows: "Is the plaintiff entitled to the possession of the property described in the complaint?" To which the jury responded in the affirmative. We are of the opinion this was a proper issue, and the verdict of the jury was a proper finding.

The question made on the trial, as to the regularity and jurisdiction of the court, was passed upon and the jurisdiction of the court sustained in *McNeill* v. *McDuffie*, at this Term.

There seem to have been no exceptions taken to the judgment of the Court. But it appears from the contract

WATERWORKS COMPANY v. TILLINGHAST.

of lease, under which the defendant went into possession, that defendant was authorized to add *new extension*, &c., as distinguished from the repairs he might put on the works already in ; and that the plaintiff shall not have the right to take the same into possession and use until they are paid for.   The case is still retained and in the hands of a receiver, and if the defendant has put in any such improvements the Court will see that they are taken into the account, which has been ordered, and that they are paid for out of the rents, or otherwise, before the plaintiff is restored to possession.   With this modification in the judgment it is affirmed.   This judgment of the Court rests on the doctrine of tenancy and estoppel, and will not affect any rights the plaintiff or defendant may have in a proper proceeding to assert the same.

Modified and Affirmed.