## HENDON v. NORTH CAROLINA RAILROAD COMPANY.

(October 30, 1900.)

1. *Lost Instruments—Lost Certificate of Stock—Reissue—Lost Records—Papers.*

   Acts 1885, chap. 265, regulating the manner of issuing certificates where certificate of stock has been lost, is valid. *Hendon v. Railroad,* 125 N. C., 124.

2. *Former Adjudication—Res Judicata—Rehearing—Appeal.*

   It is not allowable to rehear a cause by raising the same points upon a second appeal.

3. *Tender—Indemnity Bond—Costs.*

   When plaintiff failed to tender an indemnity bond as provided by Acts 1885, chap. 265, and defendant admitted right of plaintiff to the reissue, plaintiff is liable for costs.

4. *Exceptions—Objections—Supreme Court.*

   No other exceptions than those set out in the record will be considered by the Supreme Court, other than exceptions to the jurisdiction, or because the complaint does not state a cause of action, or motions in arrest of judgment for the insufficiency of an indictment.

5. *Judgment—Relief Demanded—Pleadings.*

   Under The Code a party is entitled to any relief justified by the pleadings and proof.

6. *Appeal—Practice—Trial.*

   On appeal the case will be treated in the same aspect it presented in the court below.

7. *Appeal—Objection on Appeal.*

   On appeal defendant can not object to granting to plaintiff of a conditional judgment enforcing a statute the benefit of which defendant claimed in his answer.

8. *Appeal—Indemnity Bond.*

On appeal defendant can not object that the Court required plaintiff to comply with Acts 1885, chap. 265, and give indemnity bond.

9. *Appeal—Theory of Review.*

On appeal defendant can not object that the action was tried on a different aspect from that alleged, when he acquiesced in the variance.

10. *Variance—Immaterial   Variance—Complaint—Answer —Pleadings—Trial.*

An immaterial variance between the complaint and answer should be disregarded.

CIVIL ACTION, to compel the defendant to issue and deliver to the plaintiff a certificate for two shares of stock owned by the plaintiff in defendant corporation, heard by Judge *Frederick Moore* and a jury, at Spring Term, 1900, of DURHAM Superior Court.   From judgment for plaintiff, the defendant appealed.

*Cook & Green,* for plaintiff.
*Manning & Foushee,* for defendant.

CLARK, J.   The complaint alleges that plaintiff is the owner of two shares of stock in defendant company; that she lost the certificate therefor about 1874; that after the most diligent search she has not been able to find it, and that she has not sold, transferred, or assigned said certificate of stock; that the defendant has all along continued to pay her dividends thereon,—and prays judgment that the defendant issue to her a new certificate for the same.   The answer admits that the plaintiff is "the owner and holder of two shares of stock in defendant corporation;" that her name appears as

such on the stock book, and that all dividends thereon down to the present time have been paid to her without objection or exception by anyone whatever; and that defendant has at all times recognized plaintiff as holder and owner of said two shares,—but denies any knowledge or information sufficient to form a belief as to loss of the certificate, and demands strict proof thereof. For further defense, the answer avers that the defendant corporation having been incorporated prior to the Constitution of 1868, and its charter and by-laws containing no authority to re-issue certificates, it can not be compelled to do so; and, further, that before it is required to issue a duplicate certificate it is entitled to have the plaintiff execute a bond of indemnity, and that the re-issued certificate should be deposited with the treasurer of defendant, as an escrow, for five years, before delivery to plaintiff, both "as provided by chapter 265, Laws 1885;" and pleads further, also, that no tender of indemnity bond was made by plaintiff before bringing the action. The jury, upon issue submitted, found that the certificate of stock had been lost.

The principal exceptions by defendant call in question the power of the Legislature to pass the Laws of 1885, c. 265, so far as the defendant company is concerned. But that point was decided against defendant when the case was here before (*Hendon v. Railroad Co.,* 125 N. C., 124,) where it is held that the statute "is in no wise an amendment to the charter of the defendant, but a general provision applicable to' all corporations, regulating the manner of issuing certificates where certificates of stock have been lost; requiring indemnity bond," etc. The same point can not be raised again upon another appeal in the same action. That decision could only be reviewed by a rehearing. *Pretzfelder v. Insurance Co.,* 123 N. C., 164.

The judgment given in this case follows the provisions of

chapter 265, Laws 1885, whose benefits are invoked in the answer, and is an exact copy of the former judgment, which was approved on the former appeal. The defendant having denied the plaintiff's right to the re-issue of the certificate asked for, it is immaterial that no tender of bond was made before bringing the action. *Cui bono? McQueen v. Smith,* 118 N. C., 569; *Waterworks v. Tillinghast,* 119 N. C., 343; *Shannonhouse v. Withers,* 121 N. C., 376; *Springs v. Schenck,* 99 N. C., 551. If the relief demanded had been admitted by the answer, then failure to tender the bond before action brought would have justly thrown the costs of the unnecessary proceedings upon the plaintiff.

The only other point presented by defendant is that the prayer of the complaint is for the re-issue of a certificate of stock in lieu of that lost, and the judgment is for issue of a duplicate certificate upon giving the indemnity bond, and filing with defendant's treasurer such duplicate certificate, as an escrow, for five years, as required by Laws 1885, c. 265. For many reasons, this objection is without merit: (1) The objection was not made at the trial, when, if made, the complaint could have been amended, if necessary. It can not be made for the first time here. Rule 27 of this Court, and cases cited thereunder; Clark's Code (3d 1d.) p. 920; and also *Id.,* p. 777. (2) The plaintiff is entitled to any relief which the law will grant, upon the facts alleged in her complaint, if proved, whether the appropriate remedy is demanded in the prayer for relief or not. Clark's Code (3d Ed.) pp. 200, 201. (3) On appeal the case will be treated in the same aspect it presented on the trial below. *Allen v. Railroad Co.,* 119 N. C., 710. (4) The provisions of chapter 265, Laws 1885, are set up and invoked by the answer, and the defendant can not object to its invocation being granted. (5) The defendant can not object that the Court

127——8

requires the plaintiff to give an indemnity bond, and deposit the duplicate certificate for five years with defendant's treasurer. These requirements can work no prejudice to defendant, who, besides, can waive them if it wishes. (6) If the cause had in fact been tried upon a substantially different aspect from that alleged in the complaint, the defendant, after acquiescing in such variance, and making no objection to the issue submitted, can not now be heard to make this objection to vitiate the trial. If necessary, the pleadings would be reformed, even "after judgment," as authorized by Code, sec. 273, to conform to the facts proved. (7) The variance, if any, is so immaterial that it should be disregarded at any stage of the proceedings. Code, secs. 269, 270, and cases cited under same. Clark's Code, (3d Ed.) pp. 290-293.

No error.