HIRAM GREGORY v. A. J. FORBES.

*Appeal—Statement of the Case.*

Where, upon the whole evidence, the Court intimates that the plaintiff cannot recover, and in deference to such opinion he submits to a non-suit and appeals, if the evidence is voluminous and complicated, the appellant must point out, in the statement of the case, the relations which one part of the evidence bears to another, and where he insists that one part of the evidence has a special effect, the view contended for by him should also appear in the case as having been called to the attention of the Court and denied, otherwise this Court will affirm the judgment.

CIVIL ACTION heard before *Shepherd, Judge,* and a jury, at Fall Term, 1885, of the Superior Court of CURRITUCK county.

The plaintiff appealed.

The facts upon which the appeal was disposed of, appear in the opinion.

No counsel for the plaintiff.
*Mr. John Gatling*, for the defendant.

MERRIMON, J.   When this case was called for argument, no counsel appeared for the appellant.   The very intelligent counsel for the appellee, informed us that he was unable to learn from the record, what questions of law were raised and decided in the court below, and what errors the appellant intended to assign, and so he declined to undertake to argue the case in the present state of the record.

It appears from the case stated, that "upon the whole evidence, the Court intimated that the plaintiff could not recover. In deference of this intimation, the plaintiff submitted to a nonsuit and appealed."   No alleged errors are formally assigned, nor do grounds of error appear with reasonable certainty in the record.   There is much documentary and other evidence, but its purport, bearings and application are not pointed out, and we are left in these respects largely to conjecture.   We might, or might not, reach the merits of the case, if we were to undertake to hear and determine it in its present shape.   The Court will not act upon such confusion and uncertainty.   The alleged errors must be assigned formally, or appear by reasonable implication and with reasonable certainty.

Where the Court intimates the opinion upon the whole evidence, that the plaintiff cannot recover, and he submits, in deference to the opinion of the Court, to a judgment of non-suit, and the evidence is simple, and its application and bearings are manifest, it will be sufficient to except generally to the ruling of the Court.   In such a case, if there be error, the Court can see and correct it.   But it is different where, as in this case, the evidence is voluminous and complicated.   In such cases, the exceptions should point out the relations of one part of the evi-

dence with another, when this is not apparent; and where the appellant insists that a particular part of the evidence has a special bearing or effect, the view contended for by him, should appear as having been denied by the Court. This is essential to clearness, and a just decision of the questions the appellant intends to present by the record.

It is the duty of the appellant to assign error, and make the same appear, if there be any. Otherwise, ordinarily, the judgment will be affirmed. And therefore, as errors are not sufficiently assigned in this case, we might at once affirm the judgment. As, however, the appellant seems to have supposed that it was sufficient, under a loose but unwarranted practice, to send up the evidence as a mass in such cases, and have this court to search without chart or compass for any possible error of the Court in respect to it, we deem it but just and proper to afford him opportunity to make the case upon appeal more intelligible. To that end, the case must be remanded, unless the parties can agree to make the necessary amendments in this court. It is so ordered.

Remanded.