## McDOUGALD v. TOWN OF LUMBERTON.

(Filed November 5, 1901.)

1. NEGLIGENCE — *Personal Injuries — Nonsuit — Assumption of Risk.*

   In an action for personal injuries by an employee against a town, it is held that the evidence does not warrant a nonsuit upon the ground that the plaintiff had assumed the risk.

2. NONSUIT—*Appeal—Presumptions—Evidence.*

   Where the record fails to disclose on which of two pleas a nonsuit was granted, it will be presumed on appeal that it was granted on the one having some evidence tending to prove it.

3. ISSUES—*Contributory Negligence—Assumption of Risk—Pleas— Practice.*

   Where evidence is offered upon pleas of contributory negligence and assumption of risk, it is the better practice to submit separate issues.

4. APPEAL—*Error—Exceptions and Objections—Statement of Case —Case on Appeal—Assignment of Errors—Demurrer—Non- suit.*

   In case of sustaining demurrer to the evidence or nonsuit for want of evidence, the particular parts of the evidence which the appellant relies upon to prove the cause of action must be either pointed out in the case on appeal, or called to the attention of the court by brief or in the oral argument.

ACTION by Evander McDougald against the Town of Lumberton, heard by Judge *Frederick Moore* and a jury, at February Term, 1901, of the Superior Court of ROBESON County. From a judgment for the defendant, the plaintiff appealed.

No counsel for the plaintiff.
*McLean & McLean,* for the defendant.

MONTGOMERY, J. The plaintiff was employed by the defendant in the excavation of earth for sewerage purposes in

the town of Lumberton, and was injured by the falling in upon him of earth from the top of the ditch. The excavation was about fourteen feet deep, four feet wide at the bottom, and twenty feet wide at the top, as we understand the dimensions of it from the evidence.

The plaintiff was injured while at work at the bottom of the ditch, where there was quick-sand. As the quick-sand would be baled out with buckets, other quantities of it would come out from under the bank. The plaintiff, in his complaint alleges that the ditch or trench was in an unsafe condition, and that he himself was apprehensive of injury if he entered upon the work; and yet, that upon the assurance of the persons in charge that it was safe for him to go in to work, he relied upon their assurance and entered upon his labors.

The defendant, in its answer, put in the pleas of contributory negligence and assumption of risk on the part of the plaintiff. Upon an intimation of his Honor that the plaintiff could not recover upon the evidence, his counsel submitted to a nonsuit and appealed.

We can not tell from the record whether his Honor thought, as a matter of law, that the plaintiff had contributed to his own injury; upon evidence of the plaintiff, about which there could be no reasonable difference of opinion, or had assumed the risk of employment.

We fail to discover any evidence tending to show that the plaintiff was doing his work in a careless and negligent manner, and therefore presume that his Honor was of the opinion that he had assumed the risk of his employment, thinking that the evidence on that question was uncontradictory and so clear that reasonable men could come to no other conclusion about it. An employee assumes, of course, the ordinary risk attendant upon the employment; and if this excavation had been through and into firm and solid earth, then there

would have been no negligence on the part of defendant, and the plaintiff would have assumed the risk attendant upon the employment. But there was evidence going to show that the ditch was cut through alluvial or made soil, with mud and quicksand at the bottom, and that where the plaintiff was hurt there was neither bracing nor walling. If that was not negligence in law on the part of the defendant, it certainly was strong evidence of it. But did the plaintiff from the evidence know or have reasonable ground to believe that the danger and risk were such that as a prudent man he was bound not to assume them, and to refuse to enter upon the work, or to continue it after he had begun it. He was not compelled to quit his work unless such was the case. 14 Am. and Eng. Enc., 845, and authorities there cited.

Upon the assurance made to the plaintiff by those in charge of the work that it was safe for him to enter upon it, it would seem that the danger must have been more than a suspicion of it, and that the chances of safety were fewer than those of injury, before the plaintiff could be said to have assumed the risk. *Hinshaw v. Railroad,* 118 N. C., 1047. We can not say, as a matter of law, that the danger was so apparent and so obvious as to put the plaintiff on his guard, and to show that he not only saw the risk and the danger, but willingly made up his mind to assume it. We think, therefore, that there was error in the ruling of his Honor in dismissing the action.

In the consideration of this case, we have concluded that it is better in the trial of causes in which the pleas of contributory negligence and assumption of risk are entered (evidence, of course, under those pleas being introduced), to have separate issues submitted to the jury on those questions. While it is not necessary to submit separate issues, as we have pointed out in *Rittenhouse v. Railway,* 120 N. C., 544, yet

CARTER *v.* LUMBER CO.

we have found out from experience, since that decision was made, that it is a better practice.

Defendant made a motion to dismiss this appeal on the ground that the appellant had failed, in the statement of the case, to point out, in his assignments of error, the relations of one part of the evidence to another and the special effect and importance of such parts of the evidence, and that that view of the case had been called to the attention of the Court below, and citing the case of *Gregory v. Forbes,* 94 N. C., 220, as authority for the motion. The evidence in that case must have been greatly more prolix and complicated than in this. Here, the evidence upon which the plaintiff was nonsuited was direct and simple, and related to the question of contributory negligence and assumption of risk by the plaintiff; and while there was a good deal of it, we have had no difficulty in finding it.

We shall hereafter, however, require that, in all cases of sustaining demurrer to the evidence of nonsuit for want of evidence, the particular parts of the evidence which the appellant relies upon to prove the cause of action, be either pointed out in the case on appeal, or called to the attention of the Court by brief, or in the oral argument.

Error.