Ruffin, Chief Justice.
 

 The intention of one who creates a power to be executed by two or more, must generally be to have the benefit of the judgment and responsibility of all of them. Hence the common law required the concurrence of all the executors in the execution of a power to sell, except when that power was annexed to the office and that became vested by survivorship in a
 
 *263
 
 part of them. This exception stands on the sound ground, that the primary intention is a
 
 bona fide
 
 sale, and that it ought not to be defeated, if at the time of the sale, all concurred who could then do so. The exception was enlarged by the statute of 21 Hen. 8, c. 4, which enacts, that where part of the executors refuse to take the administration of the will, then the bargains and sales of lands, willed to be sold by the executors, made by him or them taking the administration, shall be as good and effectual as if the residue of the executors, named in the will and refusing, the administration, had joined in making the bargain and sale. This ease therefore is not embraced by the provision of the statute more than by the exception previously recognized by the common law; since here both the executrix and the executor undertook the administration, and were living at the execution of the deed. If a case be necessary upon so plain a question, that of
 
 Debow
 
 v.
 
 Hodge,
 
 1 Car. Law Repos. 368, is directly in point. It is said, however, that the executrix did join in the sale at auction, and therefore was bound to complete the contract by a conveyance; and that her express refusal to do so amounts to a refusal of the administration in this respect. If the propriety of that refusal were before us, it would not be difficult to justify it, in reference to the particular deed, upon the ground, if there were no other, that it purports to bind the executrix personally to a general warranty. But that is not a fit subject for the consideration of this Court. The rights of the vendee and jof the co-executor to enforce the executory agreement against the executrix and heirs-at-law, by compelling her to join in a conveyance, are under the protection of another tribunal. A court of law has regard only to the executed contract, which ^ • fesses to pass the title: that alone being the
 
 “
 
 bargain and sale” spoken.of in the statute, and made “ effectual in the law.” The one before us being executed by one only of the executors then living and acting in the administration, is therefore an ineffectual execution of the. power;- and consequently, the judgment must be reversed and a
 
 venire de novo
 
 issued.
 

 The case of
 
 Debow
 
 v.
 
 Hodge,
 
 1 Car. Law Reps. 368, approved.
 

 Whether an executor after joining in a sale have a right to execute deed; if shall be questions bdóng exclusively to a court, of equity..
 

 PcR Curiam. Judgment reversed.,