W. H. PHIFER, Assignee of M. E. CROWELL, v. MARSHALL E. ALEXANDER.

*Issues—Judge's Charge—Exceptions.*

1. Where at the commencement of the trial certain issues were agreed upon by the parties to the action, but subsequently the Court substituted others without objection; *Held*, that, after verdict an exception that such issues were not properly submitted, came too late.

2. While it may not be sufficient ground for a new trial that the Court failed to give instructions to which the appellant might have been entitled if he had requested them, it is nevertheless the duty of the Judge to declare and explain the law arising upon the facts as they bear upon the issues; and simply calling attention to the issues, without further instruction, is error.

(*Albright* v. *Mitchell*, 70 N. C., 445; *Miller* v. *Miller*, 89 N. C., 209; *Waddell* v. *Swann*, 91 N. C., 108, cited and approved).

This is a CIVIL ACTION, which was tried before *Avery, Judge,* at October Term, 1886, of MECKLENBURG Superior Court.

The action was brought by the plaintiff, as assignee of a mortgage debt, to recover damages for the unlawful seizure and conversion of a stock of goods by the defendant, which the plaintiff alleges belonged to him by virtue of a mortgage made to secure the debt mentioned, and which was assigned to him by the mortgagee therein. The defendant denies the material allegations of the complaint. He alleges that he seized and sold the goods in question, as sheriff, by virtue of certain executions properly in his hands, and that the plaintiff had no title to them; that his supposed title was fraudulent and void as to the creditors of the mortgagor under which he claimed, &c.

When the trial was commenced, the following issues were agreed upon by the counsel:

1. Is the plaintiff owner of the property described in complaint?

2. Did the defendant wrongfully seize and convert it?

3. What is the value of it?

There was much evidence produced, part of it tending to prove fraud, as alleged by the defendant, and other parts of it, to prove the contrary.   In the course of the trial:

" During the argument of the case by the last counsel for defendant, his Honor announced to the counsel that he had determined to submit the issues set forth in the record, with a view to elict the facts in the nature of a special verdict or finding of fact, and read the issues he proposed to submit, and same were examined by defendant's counsel who last spoke, and commented on to the jury.   There was no exceptions taken to his Honor's ruling.

The Court then called the attention of the jury to the testimony as bearing upon the issues which his Honor had framed, but did not give any instructions upon the law; nor was there any request by the defendant that his Honor should give the instructions; nor any exceptions because his Honor did not give the instructions; but at the conclusion of the testimony handed his requests for special instructions to the Court.

After the jury had returned the verdict upon the issues, the defendant, by his counsel, moved the Court:

1. For a judgment upon the verdict.

2. For a judgment upon the facts admitted, and the verdict.

3. If judgment for defendant is refused, defendant then moves for a new trial for errors committed in the trial of said cause, in admitting evidence against defendant's objections, in refusing prayers for instructions submitted by the defendant, and for errors in the instructions given, for refusing to submit issues tendered by defendant, and agreed on; and in submitting issues which were passed upon by the jury."

The Court denied the motion for a new trial, and gave judgment for the plaintiff, from which the defendant appealed to this Court.

*Mr. D. A. Covington*, for the plaintiff.
*Messrs. Platt D. Walker* and *W. W. Fleming*, for the defendant.

MERRIMON, J., (after stating the case). The issues agreed upon by the parties before the trial began, to be submitted to the jury, were the principal ones raised by the complaint and answer, and ought regularly to have been submitted. The appellant had the right to have them, or others substantially like them, submitted, if he had insisted upon his right at the proper time. *Albright* v. *Mitchell*, 70 N. C., 445; *Miller* v. *Miller*, 89 N. C., 209; *Waddell* v. *Swann*, 91 N. C., 108.

But the Court, during the progress of the trial, and before the argument of counsel to the jury was closed, deemed it proper and expedient to submit numerous issues other than those agreed upon—drew them up and gave the appellant's counsel notice of, and opportunity to discuss them, and he did comment upon them to the jury, raising no objection to them and making none, that the issues agreed upon had been set aside. If the appellant was not satisfied with what the Court did in this respect, he ought, when it declared its purpose, to have made proper objection, as he had the right to do; and as he did not, he must be held to have waived his right to object to them, especially, as, taking them altogether, they, in effect, secured the finding of the principal facts by the jury embraced by the material issues raised by the pleadings. It could not be just, nor would it comport with the dignity and seriousness of orderly procedure, to allow a party to test his fortune in the course of the action by submitting issues of fact to the jury, not in themselves illegal, to which he made no objection at the time they were

22*

submitted, and failing of success, to grant him a new trial, upon the ground, that he might have objected successfully in apt time to such issues, and failed to do so. Having agreed—certainly by implication—to submit numerous issues, instead of the three agreed upon, he cannot be allowed to change his purpose after an unsuccessful result, and have a new trial, because he might possibly have been more fortunate if the three issues, or they and others, had been submitted.

It appears that the Court simply directed the attention of the jury to the bearing of the evidence upon the issues submitted, '' but he did not give any instructions upon the law ''—the case settled on appeal so states—nor was there any special request by the appellant, after the three issues agreed upon were rejected, that the Court should give the special instructions at first prayed for, nor were exceptions taken at the time the issues were given to the jury, because they were not given. But the statute (*The Code,* §413) expressly prescribes, that the Judge shall "declare and explain the law arising" upon the facts as they bear upon the issues submitted, while it may be, if he fails to do so, and the party complaining fails at the proper time to ask that particular or proper instructions as to the law be given, or to object because such instructions were not given, he might not afterwards be heard to complain. In this case, at the close of the evidence, the appellant's counsel did ask the Court to give numerous special instructions, intended no doubt at first to apply to the three issues set aside, but they were quite as pertinent to the issues submitted, and ought to have been given, if they embraced the law applicable; or if they did not, then they should have been modified and given; or the prayer should have been denied, and proper instructions as to the law, given. The instructions asked for were not withdrawn; they remained before the Court, and should have been disposed of in a proper way. As they

were not, there is error. · The appellant ·is not ·entitled to judgment upon the verdict. The material facts of the case are not admitted on either side. A copy of the deed of mortgage attacked for fraud is not set forth in the record, but so far as appears from the pleadings and the evidence, it is not upon its face fraudulent, and the jury expressly find that it was not made " with the actual intent of the parties " to it, to defraud the creditors of the mortgagor. He is, however, entitled to a new trial, and to that end let this opinion be certified to the Superior Court according to law. It is so ordered.

Error. *Venire de novo.*