VIRGIN COTTON MILLS v. W. M. ABERNATHY.

*Action on Note—Subscription to Stock—Practice—Issues—Allegation of Tender—General Denial of Plaintiff's Right to Recover—Judgment Non Obstante Veredicto.*

1. It is too late after verdict to except to failure to submit issues tendered and to issues actually submitted.

2. The trial Judge may, in his discretion, submit one or many issues arising on the pleadings, subject only to the restriction that sufficient facts be found to enable the Court to proceed to judgment, and that each party may have the opportunity to prevent any view of the law arising upon the evidence through pertinent instructions.

3. A general denial by the defendant of the plaintiff's right to recover, cures the failure of plaintiff to allege a tender before action brought.

4. Where one executes a note to a corporation as security for the payment of stock therein, the transaction is a subscription to or purchase of the stock from the company itself, and not a purchase from another, and hence a tender of the certificate by the company is not necessary before bringing action on the note.

5. Judgment *non obstante veredicto* is only granted when the answer confesses a cause of action, and the matter relied on in avoidance is insufficient.

CIVIL ACTION, tried at March Term, 1894, of MECKLENBURG Superior Court, before *Boykin, J.*, and a jury, having been brought there by defendant's appeal from a Justice of the Peace.

The action was brought by the plaintiff to recover upon two promissory notes or bonds, executed by the defendant, in the following words and figures, viz.:

"*$200.*            HUNTERSVILLE, N. C., *May 23, 1891.*

"On or before the *15th* day of *October, 1891, I* promise to pay to the order of J. W. Mullen, Treasurer of the Virgin Cotton Mills, or his successor in office, *two hundred* dollars, being security for the payment of *two* shares of stock in said corporation, and bearing eight per cent. interest after maturity.

"*W. M. ABERNATHY.* [SEAL.]"

The other note or bond was of the same form as the foregoing, except it was made to fall due on the 15th day of October, 1892.  Both of the above notes were printed except the words in italics, which were in writing.

The defendant on the trial put in a "general denial" to the plaintiff's right to recover, and tendered the following issue:

"Is the plaintiff entitled to recover of the defendant; if so, in what amount?"

The Court announced that as soon as the evidence was developed he would frame the issues accordingly.  To this there was no exception.

The plaintiff then introduced J. W. Mullen, the Treasurer of the mills, who testified in substance that the notes or bonds

above referred to were executed by the defendant, in his office in the town of Huntersville, and were given in payment of four shares of the stock of the plaintiff corporation, of the par value of $100 each. That frequent demand has been made on the defendant for the payment of both of said notes, but that the defendant had failed to pay the same, or any part thereof.

On being cross-examined, the witness said that both of the notes were "filled up," that is, the amounts and dates were inserted in the blank spaces before the defendant signed them. That he did not agree with the defendant that the plaintiff would take lumber at $1 per hundred in payment for the first note. That he did say that the mills would need lumber, and they would as soon buy from the defendant as anyone else, but there was no agreement that the note should be written so as to express such a contract, or that the note itself should be paid in lumber. That the defendant never did tender, deliver or offer to deliver to the plaintiff, lumber in payment of said note or any part of the same. That when the first note fell due he presented same to defendant in person, and defendant said that he would have to wait until he could sell his cotton, but said nothing about the note being payable in lumber at that time, or any time thereafter. That the plaintiff had not issued the stock to the defendant, because it was a rule of the company that no stock should be issued until paid for in full. That both of the notes were put in the hands of attorneys for collection, and that the first time witness ever heard of defendant's contention that the first note should be paid in lumber was on the trial before the Justice of the Peace. That the plaintiff was an incorporated and organized company at the time the notes were signed.

The defendant then testified in his own behalf, that on the 23d of May, 1891, while passing the witness Mullen's store, the defendant was stopped and Mullen wanted to sell him

some of the plaintiff's stock. That he told Mullen that he did not have the money, whereupon Mullen proposed to take payment for two shares, amounting to $200, in lumber at $1 per hundred. That he was running a saw-mill, and for that reason agreed to purchase two shares upon these terms. That Mullen then drew out of his pocket a blank book containing the notes, partly printed, and asked defendant to sign the same, which he did, on condition that Mullen was to insert in same the provision that the note should be paid in lumber, as above stated. After this, Mullen asked the defendant to take two shares payable in cash, inasmuch as he had agreed to take lumber for the others. Defendant agreed to purchase one share and pay cash, provided he be given until October 15, 1892, to pay the same, whereupon Mullen handed defendant another blank note to sign, which he did, authorizing the witness Mullen to fill in the amount, etc. Neither the dates, amounts nor shares were filled in either of the notes at the time the defendant signed them. That he got the lumber ready by October 15, 1891, but that the plaintiff refused to allow him to deliver it, on the ground that a larger stockholder had furnished the lumber to build the mills. That he never attended any of the stockholders' meetings, and had no notice as to when they were held, and did not consider himself a member of the company until the shares were paid for. Did not know but that the notes were filled in properly until the day of trial. No certificate of stock was ever tendered defendant by the plaintiff.

Plaintiff recalled the witness Mullen, who denied that there was any agreement with reference to the execution of the notes, as testified to by the defendant, and also denied that defendant ever tendered the lumber. Witness said that notice of the stockholders' meetings was sent to defendant like other stockholders.

Defendant then requested his Honor to hold, as a matter of law, and instruct the jury, that in no aspect of the case

could the plaintiff recover, inasmuch as no tender of the certificate of stock had been alleged or proven by the plaintiff.

This was refused, and defendant excepted.

His Honor then stated that he had concluded to submit the following issues to the jury, viz.:

" 1. Did the defendant sign the note due October 15, 1891, and instruct the plaintiff's agent to insert in the blank ' $200, payable in lumber ? '

" 2. Did the defendant deliver or offer to deliver the lumber at the maturity of said note ?

" 3. Did the defendant sign the note due October 15, 1892, and instruct the plaintiff's agent to insert in the blank ' $100 ? ' "

To the submission of these issues by the Court there was no exception.

The defendant then, in due time, asked the Court, in writing, to charge the jury as follows:

" 1. That if the jury believe that the amount of the note sued on was not filled in at the time of the signature by the defendant, and that he did not authorize the insertion of the same, except upon the condition that the amount was to be paid in lumber, then the issue should be answered ' No.'

" 2. That if the jury believe that no tender of the certificate of stock was made to the defendant by the plaintiff prior to the commencement of this action, then the issue should be answered ' No.'

" 3. That if the jury believe that the defendant made a proposition to J. W. Mullen, Treasurer of the plaintiff mills, to take or purchase two shares in said mills, and signed a a note in blank, on condition that the amount and terms of the offer were to be inserted, then the issue should be answered ' No.'

" 4. That even if the jury believe that the defendant signed the note for the purchase of the shares unconditionally, the plaintiff would be entitled to recover only the damages suf-

fered, that is, the difference between the amount which the defendant agreed to pay or contribute on account of the shares and the value of an equal number of shares on the market.

"5. That it is incumbent upon the plaintiff to show the damages, sustained, if any, and if none were shown by it, the issue should be answered 'No.'"

His Honor refused to give the foregoing prayers for instruction, except as set out in his charge, and the defendant duly excepted.

His Honor then charged the jury that the defendant had admitted the signing of the notes in suit, but had set up the defence that he had instructed the plaintiff's agent to insert in the note due October 15, 1891, the words, " $200, payable in lumber," and likewise instructed the plaintiff's agent to insert in the note due October 15, 1892, the words, " $100," but that the said agent had failed to carry out his instructions in these particulars. That the defendant contended that he had complied with his part of the contract, so far as the first note was concerned, by making a tender of the lumber in payment of the first note. That all of these allegations were denied by the plaintiff, and the burden was upon the defendant to establish the truthfulness of the same by the weight of the evidence. That if the jury believed that the defendant had established by a preponderance of evidence that, at the time he signed the note due October 15, 1891, he instructed the plaintiff's agent to insert the words, " $200, payable in lumber," they must answer the first issue, "Yes;" otherwise, "No." His Honor then took up the evidence, and presented every phase of the same in any way bearing on this issue to the jury, and fully explained to the jury the different contentions of the parties with reference thereto.

As to the second issue, his Honor instructed the jury that if they believed that the defendant had established by a pre-

ponderance of the evidence that he tendered or offered to deliver to the plaintiff the lumber in payment of the first note, after the 15th day of October, 1891, then they should answer the second issue, "Yes;" otherwise, "No."

As to the third issue, his Honor instructed the jury that if the defendant had satisfied the jury by a preponderance of the evidence that at the time he signed the note due October 15, 1892, he instructed the plaintiff's agent to insert therein the word, "$100" instead of "$200," that they should answer the third issue, "Yes;" otherwise, "No." The Court fully explained to the jury what was meant by a preponderance of the evidence, as used in his charge, and recapitulated all of the evidence before closing his charge.

There was no exception taken to the charge as given.

The jury returned their verdict in favor of the plaintiff, answering all of the issues, "No."

The defendant then asked the Court for a judgment *non obstante veredicto.* Motion refused, and defendant excepted.

Motion for a new trial. Motion refused. Defendant excepted, and appealed from the judgment for plaintiff.

The defendant, in his case on appeal, assigned the following errors:

1. That his Honor erred in not submitting to the jury the issue tendered by the defendant.

2. That his Honor erred in the issues submitted.

3. That his Honor erred in refusing to hold as a matter of law, and instruct the jury, that in no aspect of the case could the plaintiff recover, inasmuch as no tender of the certificate of stock had been alleged or proven by the plaintiff.

4. That his Honor erred in refusing to give Nos. 2, 4 and 5 of defendant's prayers for instruction.

5. That his Honor erred in rendering judgment for the plaintiff, upon the issues found by the jury.

*Messrs. Walker & Cansler,* for plaintiff.
*Messrs. Maxwell & Keerans,* for defendant (appellant).

CLARK, J. : The first and second exceptions for failure to submit the issue requested, and for issues actually submitted, come too late after verdict. *The Code,* § 412 (2); *Phifer* v. *Alexander,* 97 N. C., 335; *Taylor* v. *Plummer,* 105 N. C., 56; *Lowe* v. *Elliott,* 107 N. C., 718. The issues are, however, in fact sufficient under the rule approved in *Humphrey* v. *Church,* 109 N. C., 132. The "general denial" cured any failure to allege tender of the certificate, as the only reason for requiring a tender before action brought is to throw the costs of an unnecessary action upon the plaintiff. *Waddell* v. *Swann,* 91 N. C., 108; *Moore* v. *Garner,* 101 N. C., 374. Besides, this is not a purchase from another, but from the company itself, and in effect a subscription to its capital stock. The prayers for instruction, so far as correct and relevant to the case, were given. There was no ground for the motion for judgment *non obstante veredicto,* which is only granted when the answer confesses a cause of action, and the matter relied on in avoidance is insufficient. *Walker* v. *Scott,* 106 N. C., 56.                    No Error.