## MARTIN v. BANK OF FAYETTEVILLE.

(Filed October 14, 1902.)

1. AMENDMENTS—*Pleadings—Appeal.*

The trial court has the right to allow an amendment where it makes no change in the cause of action.

2. AMENDMENTS—*Pleadings—Continuances.*

Where an amendment to pleadings is such as to cause surprise, it is ·cause for continuance only.

3. AMENDMENTS—*Pleadings—Appeal.*

Where refusal of trial court to allow an amendment to pleadings is put upon the ground of a want of power, it is reviewable.

4. TENDER—*Payments—Trusts and Trustees—Parol Agreement to Convey.*

In an action to declare a person a trustee under a parol agreement to convey' land upon the payment of a stipulated amount and for an accounting, no tender is necessary before bringing action.

5. TENDER—*Payments—Waiver—General Denial.*

A general denial by the defendant of the right of plaintiff to recover, cures the failure of the plaintiff to allege a tender before action brought.

ACTION by J. F. and C. A. Martin against the Bank of Fayetteville, heard by Judge *W. S. O'B. Robinson* and a jury, at March Term, 1902, of the Superior Court of CUMBERLAND County. From a judgment for the defendant, the plaintiffs appealed.

*D. T. Oates,* and *Busbee & Busbee,* for the plaintiffs. ·
*R. T. & R. L. Gray,* for the defendant.

FURCHES, C. J. The plaintiffs executed a note to I. Luther for $1,700, which he endorsed for plaintiffs (as we suppose, though the case does not say so), and they had it nego-

tiated at the Bank of Fayetteville. This, we think, is shown from the fact that the note was made to Luther, endorsed by him, was negotiated at the bank, and plaintiffs made a mortgage to Luther to secure him as such endorser.

The plaintiffs paid the interest on the note until about 1889 or 1890, when Luther, as mortgagee, sold the land, and the defendant bank became the purchaser at the price of $1,500, and Luther made the bank a deed for the land so sold. And since said sale the plaintiffs have paid the bank, at different times, something over $2,100, according to their allegations, which they say was paid on said note, under an arrangement with the bank, or Mr. Williams, its President, that he would buy the land and hold it for plaintiffs until they could pay and satisfy the note. While the defendant does not deny the payments, it alleges that they were made as rents for use and occupation of the land, which belonged to the defendant, and not as payments on the note.

The purpose of this action is to have the defendant declared a trustee, and for an account, alleging that they are able, ready and willing to pay the defendant any balance that may be found to be due on said note.

But after the defendant had answered the complaint and denied that plaintiffs had any interest in said land, claiming that it belonged to the defendant, and that the plaintiffs were its tenants, and that the payments they had made were rents --after answering and setting up this defence—when the case was called for trial it interposed a demurrer *ore tenus,* that the plaintiffs had not made the defendant a tender of what was due on the note before bringing suit; whereupon, the plaintiffs asked permission of the Court to amend the complaint by alleging that plaintiffs' attorney, before the action was commenced, went to see the defendant for the purpose of ascertaining the balance due on the note, with the view of arranging to pay the same, when the defendant said the

plaintiffs had no right in the matter, as the defendant had bought the land and was the rightful owner thereof. The Court declined to allow this amendment, upon the ground that it had no right to allow it, sustained the demurrer and dismissed the action. In this there was error. The Court had the right to allow the amendment, as it made no change in the cause of action. *Woodbury v. Evans,* 122 N. C., 779; *Knott v. Taylor,* 96 N. C., 553; *Robinson v. Hodges,* 105 N. C., 49. And if the amendment is such as to cause surprise, it is cause for a continuance only. *Sams v. Price,* 119 N. C., 572. Where the Court can see that the opposing party would not be misled, the amendment should be allowed. *Garrell v. Trotter,* 65 N. C., 430.

As a general rule, it is discretionary with the Court whether it will allow an amendment or not, and when allowed or refused as a matter of discretion, such action of the Court is not reviewable in this Court. But when the refusal is put upon the ground of a *want of power,* it is reviewable. *State v. Fuller,* 114 N. C., 885; *Balk v. Harris,* 130 N. C., 381. But it is easy to see that the amendment in this case would not have taken the defendant by surprise, as it had *answered* the complaint, and denied the truth of the facts alleged therein. The defendant must, therefore, have come to Court prepared to try the case upon the issue raised by the pleadings. And the Court erred in holding it had *no power* to allow the amendment.

But it does not seem to us that this is such an action as requires a tender. The object of the action is to have the defendant declared a trustee for plaintiffs of the mortgaged land, under a parol agreement with the defendant that it would buy and hold the land for plaintiffs until they could pay the note, and for an account. But if there was anything in the point raised for the first time at the trial, by the interposition of a demurrer *ore tenus,* it had been waived by the

defendant by its answer denying the rights of plaintiffs as claimed in their complaint. *Cotton Mills v. Abernathy,* 115 N. C., 402. This answer had been filed before the demurrer *ore tenus,* and plainly showed that if plaintiffs had known the amount they owed the defendant on the note, and had tendered it, the defendant would have refused to accept it, as the defendant contends that it is the absolute owner of the land, free from any claim of plaintiffs whatsoever.

So the case should have proceeded to trial upon the issues made by the pleadings.

If the defendant had answered, admitting plaintiffs' right to the land upon full payment of the note and interest, there should have been a decree for the plaintiffs that defendant convey upon payment of the note and interest, and that plaintiffs pay the cost of action. *Cotton Mills v. Abernathy, supra.* But defendant can not be allowed to contest the plaintiffs' right to recover, and then be allowed his cost upon a mere technicality. The object of The Code practice is to avoid technicalities as much as possible, and to try cases upon their merits. *Allen v. Railroad,* 120 N. C., 548.

There is error, and a new trial is awarded.

New Trial.