C. H. WILSON v. STANDARD FERTILIZER COMPANY, INCORPORATED.

(Filed 19 October, 1932.)

1. Trial G b—Verdict will be construed in relation to the charge and evidence.

　　Where a mortgagor alleges that he executed a chattel mortgage as security for a preëxisting debt and to secure payment of fertilizer to be shipped by the mortgagee, and seeks to have the mortgage declared void for fraud and to recover damages for the mortgagee's refusal to ship the fertilizer as agreed, and the mortgagee alleges that the chattel mortgage was not to become effective or the fertilizer shipped until payment of a certain sum in cash by the mortgagor, and the jury finds from the evidence that the mortgagee had not wrongfully refused to ship the fertilizer and had not procured the execution of the mortgage by fraud: *Held,* the verdict of the jury will be construed in the light of the testimony and the charge of the court, and amounts to a finding that the mortgage never became effective for failure of the mortgagor to make the cash payment constituting a condition precedent, and judgment should be rendered declaring the chattel mortgage of no effect and for the defendant on the amount admitted to be due on the preëxisting debt.

2. Evidence J a—Parol evidence of condition precedent to effectiveness of written contract is admissible.

　　Parol evidence is admissible to show a verbal agreement constituting a condition precedent to the effectiveness of a written contract when such verbal agreement does not contradict the written terms of the contract.

APPEAL by plaintiff from *Devin, J.,* at June Term, 1932, of WAKE. Modified and affirmed.

The purpose of the action is to have a chattel mortgage declared void for fraud and to recover damages for the defendant's breach of its contract to deliver fertilizer to the plaintiff in the year 1931. The plaintiff admits he became indebted to the defendant in 1930 in the sum of $351.76, but alleged that he executed to the defendant a chattel mortgage, procured by fraud, in the sum of $666, which included the debt of 1930 and the purchase price of fertilizer to be furnished by the defendant in 1931.

Answering the complaint the defendant set up the plaintiff's indebtedness for 1930, and alleged that the chattel mortgage was to become effective and the fertilizer was to be shipped only upon payment by the plaintiff of $150 in cash, that the plaintiff failed to pay this sum, and that the defendant refused to ship the fertilizer.

In response to issues submitted the jury found that the defendant had not wrongfully refused to make the shipment, that it had not fraudulently procured the execution of the chattel mortgage, and that the plaintiff was not entitled to damages.

It was therefore adjudged that the plaintiff recover nothing and that the defendant recover of the plaintiff the admitted indebtedness of 1930 and the cost of the action.

The plaintiff excepted and appealed.

*Albert Doub and Clyde A. Douglass for plaintiff.*
*Coburn & Coburn and R. L. McMillan for defendant.*

ADAMS, J. The verdict must be interpreted by reference to the testimony of the witnesses and the charge of the court. *Balcum v. Johnson,* 177 N. C., 213, 218; *Weldon v. R. R., ibid.,* 179; *Jones v. R. R.,* 176 N. C., 260. Giving it this interpretation we are led to the conclusion that the jury accepted the defendant's contention that the chattel mortgage never became effective because the plaintiff did not comply with his agreement to make a cash payment of one hundred and fifty dollars—an agreement in parol, not contradicting the written instrument but constituting a condition precedent to its efficacy. For this reason the defendant was not obligated to furnish the fertilizer. If the mortgage did not go into effect the plaintiff could not have been benefited by a finding that its execution had been fraudulently procured. The jury found with the defendant on all the issues; and as the plaintiff admitted the debt of 1930 the court properly gave the defendant a judgment for this amount. We find no error in the trial, but the judgment should be modified by declaring the chattel mortgage of no effect. The contract was entire, not divisible.

Modified and affirmed.