## H. STADIEM v. RUFUS HARVELL.

### (Filed 10 April, 1935.)

**1. Trial G b—**

A verdict will be liberally construed with a view of sustaining it, and to this end resort may be had to the pleadings, evidence, and charge of the court.

**2. Ejectment B e—Verdict liberally construed in light of evidence and charge held to sustain judgment for defendant in this action in summary ejectment.**

The issue submitted in this action in summary ejectment was: "Is the defendant a tenant of the plaintiff, and does he hold over after the expiration of the tenancy?" to which the jury answered "No." In the light of an affidavit filed by plaintiff before the justice of the peace, the evidence and charge of the court in the Superior Court and the court's statement of the contentions of the parties to which no objection was entered, it appeared that the parties admitted the tenancy and the only issue of fact was whether the parol lease terminated the December prior to the institution of the action or the December next succeeding, and that the jury answered this issue of fact on conflicting evidence in defendant's favor. *Held:* The verdict sustains the judgment of the court that plaintiff is not entitled to the relief of summary ejectment.

**3. Appeal and Error F a—**

Appellant's assignment of error to the trial court's refusal to submit the issue as tendered by him cannot be considered on appeal where there is neither objection nor exception taken on the trial to the court's refusal to submit the issue as tendered or to the issue as submitted by the court.

**4. Trial E e—**

This action in summary ejectment was tried solely upon the theory of whether defendant's lease had expired. *Held:* Plaintiff's exception to the court's refusal to give instructions requested as to the necessity of giving notice to quit cannot be sustained, the instructions requested having no relevancy to the theory upon which the case was tried.

THIS was an action in summary ejectment, commenced before a justice of the peace under C. S., 2365, *et seq.*, and heard upon appeal by the plaintiff to the Superior Court by *Parker, J.,* and a jury, at the February Term, 1935, of LENOIR. Affirmed.

Issues were submitted to and answered by the jury as follows:

"1. Is the defendant a tenant of the plaintiff, and does he hold over after the expiration of the tenancy? Answer: 'No.'

"2. What amount, if any, is the defendant indebted to the plaintiff for rent per month for the house and land? Answer: 'Nothing.' (By consent.)"

His Honor entered judgment "that the tenancy of the defendant has not expired and that the plaintiff is not entitled to the possession of the

tract of land and the buildings described in the complaint in this action," and "that the defendant is tenant of the plaintiff, and as such tenant is entitled to the possession of said lands and buildings during the year 1935." From this judgment the plaintiff appealed to the Supreme Court, assigning errors.

*Allen & Allen for plaintiff, appellant.*
*Sutton & Greene for defendant, appellee.*

SCHENCK, J. The perplexity presented on the record arises from the way the first issue was drawn. If we had only the issue and its answer to enlighten us, it would seem that however the issue was answered the defendant must lose, since if the answer should be in the affirmative, there would be a finding that the defendant was a tenant and that he was holding over after the expiration of his tenancy, and, therefore, should be ejected; and if the answer should be in the negative there would be a finding that the defendant was not a tenant and not holding over after his tenancy expired, and, therefore, not being a tenant was a trespasser, and should be ejected. A case for the plaintiff of "Heads I win and tails you lose." Albeit, that conflicts in the findings of essential and determinative facts in a verdict will vitiate it, it is well recognized that a verdict should be liberally and favorably construed with a view of sustaining it, if possible, and that resort may be had to the pleadings, evidence, and charge of the court in order to obtain a proper interpretation of a verdict. *Donnell v. Greensboro,* 164 N. C., 330; *Sitterson v. Sitterson,* 191 N. C., 319; *Wilson v. Fertilizer Company,* 203 N. C., 359, and cases there cited.

While the first issue may be inartificially drawn, by reference to such pleadings as were in this case, the affidavit and summons in the court of first instance, and to the evidence and charge in the Superior Court, it is apparent that his Honor instructed the jury to consider the issue as if it read substantially: "Does the defendant as a tenant of the plaintiff hold over after the expiration of his tenancy?" Construing the issue as so reading, we think any error or irregularity was fully cured. *Richardson v. Edwards,* 156 N. C., 590.

By reference to the affidavit of the plaintiff before the justice of the peace and his testimony in the Superior Court, it will be seen that the plaintiff contended that he rented the lands to the defendant for the years 1932, 1933, and 1934, that he made a separate rental contract for each year, and that the defendant's term expired 31 December, 1934. And by reference to the defendant's testimony in the Superior Court it will be seen that the defendant contended that the rental contract under which he held was made in September, 1933, and covered the three years

of 1933, 1934, and 1935, and that, therefore, the defendant's term expired on 31 December, 1935. Neither party contended that the defendant was not at one time a tenant of the plaintiff by virtue of an oral contract of lease, or that the defendant was not then in possession, and the sole issue of fact raised was whether this tenancy expired on 31 December, 1934, or on 31 December, 1935.

The controversy was narrowed to one question of fact, and, consequently, the court instructed the jury that if they should find that the plaintiff and defendant entered into a contract whereby the defendant leased the land for the period of the year 1934, it would be the duty of the jury to answer the first issue "Yes," but that if the jury should find that the plaintiff entered into a contract whereby he leased the premises to the defendant for a period of three years, that is, for the years 1933, 1934, and 1935, they would answer the first issue "No." In the light of the evidence and of the charge only one interpretation of the verdict is permissible, and that is, that the jury accepted the defendant's version of the contract and found that he was still the tenant of the plaintiff, and that his term had not expired.

His Honor charged the jury that "the plaintiff contends that you should be satisfied from the evidence and by its greater weight that the tenancy of the defendant terminated on 31 December, 1934, and that he is now holding over wrongfully after his rental period has expired, and that you should answer the first issue 'Yes' "; and, further, that "upon all the testimony in the case the plaintiff contends that you should be satisfied from the evidence and by its greater weight that the tenant is holding over after the expiration of his tenancy." These statements of the plaintiff's contentions, unchallenged by objection or exception, clearly indicate that the plaintiff admitted that the defendant was his tenant, and made only one contention, namely, that the defendant was holding over after the expiration of his tenancy, and that this expiration took place 31 December, 1934. The charge further reveals that the court stated to the jury that the defendant admitted that he was a tenant of the plaintiff and contended that his contract of lease was for three years, and therefore did not expire until 31 December, 1935. Therefore, it is manifest that but one question of fact was submitted to the jury, namely, did the contract of lease expire on 31 December, 1934, or 31 December, 1935? While the evidence was conflicting, it was fully and clearly presented to the jury under a fair and impartial charge by the court, and the issue was answered by the jury as the jury was told the defendant contended it should be answered. Interpreting the verdict in the light of the evidence and charge, we see no error in entering judgment for the defendant as appears in the record.

The plaintiff's first assignment of error as to the refusal to submit the first issue as tendered by him and the adoption of the first issue as submitted by the court cannot be considered for the reason that it appears from the record that neither objection nor exception to such refusal or submission of issues was made at the trial. C. S., 590; *Cotton Mills v. Abernathy,* 115 N. C., 402, and cases there cited. However, the issue as tendered by the plaintiff would have carried the same confusion as did the one submitted by the court. The issue so tendered was: "Was the defendant a tenant of the plaintiff, and if so, did he hold over after the expiration of the tenancy?" If answered in the affirmative, there would be a finding that the defendant was a tenant of the plaintiff holding over after the expiration of the tenancy, and hence should be ejected; and if answered in the negative, there would be a finding that the defendant was not a tenant of the plaintiff, and therefore a trespasser, and should be ejected. This tendered issue, unexplained by evidence or charge, would have been but another "sure bet" for the plaintiff.

The plaintiff's second and third assignments of error, which are to the court's refusal to give requested prayers for instructions as to the necessity of giving notice to quit, cannot be sustained, since such prayers had no relevancy to the theory upon which the case was tried.

The plaintiff's fourth and fifth assignments of error are to the court's signing judgment for the defendant and refusal to sign judgment for the plaintiff. These assignments are disposed of by the discussion in the outset of this opinion.

Affirmed.