CLYDE COMBS, MRS. BOYD COMBS BOSTON, MRS. MONTGOMERY COMBS DAVIS AND THOMAS COMBS v. WILL PORTER AND WIFE, MRS. WILL PORTER, MRS. MARY COMBS HALL AND HUSBAND, EUGENE HALL.

(Filed 22 March, 1950.)

1. **Trial § 39—**

A verdict will be sustained when, considered in the light of the pleadings, evidence and charge of the court, it is determinative of all material questions presented in the action.

2. **Mortgages §§ 27, 39e (5)—**

While the burden is on the parties attacking foreclosure to prove payment prior to foreclosure and to overcome the presumption of the truth of the recitals in the trustees' deed, the verdict of the jury in plaintiffs' favor upon their evidence, *is held* to support the judgment in plaintiffs' favor.

3. **Mortgages § 30b—**

While the executor of a deceased mortgagee may exercise the power of sale in the mortgage, G.S. 45-4, where there are two executors of the deceased mortgagee the power must be exercised by them jointly.

4. **Appeal and Error § 39b—**

Where the answer of the jury upon one of the issues is determinative of the rights of the parties, error in the charge of the court or in the admission of evidence relative to the other issues is harmless.

5. **Appeal and Error § 39e—**

The admission of testimony of one of plaintiffs that he was in the army and overseas for a period of time, offered in anticipation of the defense of the statute of limitations, *held* not prejudicial error, even though such defense was not interposed.

APPEAL by defendants from *Rudisill, J.,* January Term, 1950, of WILKES. No error.

Suit to recover a tract of 75 acres of land and to remove cloud.

Plaintiffs allege title as heirs of C. C. Combs, a common source of title, and that defendants claim under a purported foreclosure sale and deed by the executors of the mortgagee to whom C. C. Combs had given a mortgage, whereas plaintiffs aver the mortgage had been paid and no

foreclosure sale was ever had or deed executed or delivered by the executors, and that any deed purporting to have been executed by them was fraudulent and void.

Defendants allege that C. C. Combs and wife executed a mortgage on the land described to Elijah Sparks in 1927 to secure the sum of $200; that Elijah Sparks, the mortgagee having died, his executors, W. M. Sparks and A. E. Sparks, advertised and sold the land under the mortgage 24 March, 1930, and on 11 April, 1930, executed deed to the purchaser, I. A. Combs; that I. A. Combs died in 1930, leaving surviving his widow Mary Combs (now Mary Combs Hall), and a daughter, Maudie, who conveyed her interest in the land to her mother Mary Combs Hall; that Mary Combs Hall conveyed a portion of the land to one McKinley Wood, who in turn conveyed to defendant Will Porter. Defendants allege the mortgage and the deed to I. A. Combs were executed in good faith, and were duly registered. They claim title thereunder.

On the trial plaintiffs presented as a witness W. M. Sparks, one of the executors of Elijah Sparks, who testified that after the death of Elijah Sparks, C. C. Combs paid the mortgage in full to the executors and the mortgage was delivered to C. C. Combs; that witness did not advertise the land for sale and never heard of a sale; that no advertisement appeared in the Wilkes paper or he as a subscriber would have seen it; that he never heard of a deed being made; that he did not sell any land and did not sign any deed. Plaintiffs also offered evidence tending to show that C. C. Combs died in 1928, his wife having predeceased him, and that the plaintiffs, who were at that time children aged 4 and 10 years, were scattered; that I. A. Combs qualified as administrator of the estate of C. C. Combs and took charge of the land, and was also appointed guardian. That at that time the land was worth $2,500 to $3,000. Thomas Combs, the youngest of the plaintiffs, testified he was 25 years of age at time of the trial; that he entered the armed service in September, 1944, and served approximately 2 years, including 14 months overseas. Plaintiffs were not informed of the facts disclosed by W. M. Sparks until shortly before this suit was instituted 28 February, 1949. None of plaintiffs ever received anything from the land.

Defendants offered in evidence the will of Elijah Sparks showing appointment of W. M. Sparks and A. E. Sparks as executors; the record of the mortgage of C. C. Combs to Elijah Sparks; record of deed by executors of Elijah Sparks to I. A. Combs, dated 11 April, 1930, reciting sale under mortgage and purchase by I. A. Combs for $265. Defendant Will Porter testified the land was advertised for sale and sold by either W. M. or A. E. Sparks, and that I. A. Combs bid it off; that Mary Combs Hall "has been making her home there ever since they purchased it. . .

I am occupying a little over half of it and the balance is being occupied by Mrs. Mary Combs Hall."

Issues were submitted to the jury and answered as follows:

"1. Did the grantor, W. M. Sparks, execute and deliver the deed to the C. C. Combs 75-acre tract of land, which is recorded in Book 154, at page 461?  Answer: No.

"2. Are the plaintiffs the owners and entitled to the possession of the lands described in the complaint?  Answer: Yes.

"3. Did I. A. Combs take legal title to the property described in the complaint as Trustee for the plaintiffs?  Answer: .............."

*W. H. McElwee, Jr., for plaintiffs, appellees.*
*Trivette, Holshouser & Mitchell and J. F. Jordan for defendants.*

DEVIN, J.  Plaintiffs' allegation of title was supported by the stipulation that C. C. Combs was, at the time of his death, the owner of the land in controversy, and by the further fact that plaintiffs are the only heirs at law of C. C. Combs, the ancestor last seized.  On the other hand, the defendants staked their case entirely on the Sparks mortgage plus evidence of a foreclosure sale thereunder, and the recorded deed purporting to have been executed in 1930 by the executors of the mortgagee wherein was recited forfeiture for nonpayment, due advertisement, and purchase by I. A. Combs under whom they claim.  There was no plea of the statute of limitations or laches, nor allegation of adverse possession under color, nor that either of defendants was an innocent purchaser for value.  The plaintiffs replied that the mortgage had been paid in the lifetime of C. C. Combs, that no foreclosure sale was ever advertised or held, nor had any deed pursuant thereto been executed by the executors of the mortgagee, and that the purported deed was fraudulent and void.

Upon these allegations and the conflicting evidence thereunder, as to payment of the mortgage, foreclosure sale and execution of the deed, the case was fought out, resulting in verdict and judgment for the plaintiffs.

While the first issue was apparently addressed only to the question of the execution and delivery of the deed by one of the executors of the mortgagee, in the light of the pleadings, evidence and charge of the court thereon, we think all the material questions litigated were presented to the jury under this issue and were answered in favor of the plaintiffs. There was no objection or exception to the form of this or any other issue submitted.  *Donnell v. Greensboro,* 164 N.C. 330, 80 S.E. 377; *Stadiem v. Harvell,* 208 N.C. 103, 179 S.E. 448.

The burden of proof was on the plaintiffs to show that the mortgage had been paid off and discharged before the purported sale (*Mfg. Co. v.*

*Jefferson,* 216 N.C. 230, 4 S.E. 2d 434). Likewise, the recitals in the deed of the mortgagee's executors were *prima facie* evidence of the facts therein set forth (*Dillingham v. Gardner,* 219 N.C. 227, 13 S.E. 2d 478), and the burden of proof was on the plaintiffs to show otherwise, but the verdict seems to have sustained the plaintiffs' attack upon the purported deed. Moreover, while the statute (G.S. 45-4), authorizes the executor of a deceased mortgagee to exercise the power of foreclosure, it has been repeatedly held by this Court that when a power of sale is conferred upon two executors the power must be executed by them jointly, and that both must join in the sale and execution of the deed. *Wasson v. King,* 19 N.C. 262; *Swann v. Myers,* 75 N.C. 585; *Trogden v. Williams,* 144 N.C. 192 (204), 56 S.E. 865.

The court properly placed the burden of proof on all the questions embraced in the first issue on the plaintiffs, and his instructions to the jury and statement of the evidence and contentions of the parties thereon seem to have been free from prejudicial error.

The court further instructed the jury if they answered the first issue in favor of plaintiffs, that is no, they need not answer the second issue, but also added, "if you should answer the first issue no, then you would go to the second issue." Whatever may have been the purpose of the court in this instruction, it appears that the jury having answered the first issue no, that is, in effect sustaining the contention of the plaintiffs that no foreclosure had been had or deed executed, proceeded to answer the second issue yes, thereby finding plaintiffs were entitled to the land. The defendants' exception to the charge on the second issue is well taken, as no rules for the guidance of the jury were laid down or the law applicable to the establishment of title to real property explained. *Lewis v. Watson,* 229 N.C. 20, 47 S.E. 2d 484; G.S. 1-180. This would ordinarily require a new trial, but for the fact that under the pleadings, stipulations, evidence, and charge of the court the verdict on the first issue was sufficient to establish the plaintiffs' title and right to possession of the land. *Donnell v. Greensboro, supra; Stadiem v. Harvell, supra.* The undenied fact that plaintiffs are the heirs of C. C. Combs, and the admission that he was the owner in fee simple of the land, nothing else appearing, would be sufficient to make out plaintiffs' title, and by the verdict on the first issue defendants' claim of superior title by virtue of a purported foreclosure sale and deed was determined adversely to the defendants. Plaintiffs in that state of the case would have been entitled to judgment on the admissions and verdict, and any error in failing to charge more fully on the second issue would be harmless error. *Collins v. Lamb,* 215 N.C. 719, 2 S.E. 2d 863; *S. v. King,* 225 N.C. 236, 34 S.E. 2d 3.

The defendants noted numerous exceptions to the charge on the third issue, but that issue, which was submitted without objection or exception, was not answered by the jury, and the question of declaring defendants trustees of the title for the benefit of plaintiffs in the event plaintiffs failed on the first issue was eliminated from the case. Of this defendants cannot complain. For the same reason defendants' exception to evidence offered by plaintiffs pertinent to the third issue may not be held sufficient to require another trial.

Defendants assign error that one of plaintiffs was permitted to testify that while he was in the army he was overseas a portion of the time. This was apparently offered in anticipation of a possible defense which, however, was not interposed. It is not clear that objection was made to this evidence, but, in any event, we do not perceive any prejudicial error in this respect.

After consideration of the entire record in the light of defendants' exceptions, we reach the conclusion that no harmful error of which defendants can justly complain has been shown, and that the result should not be disturbed.

No error.